## 24460

Joel M. SMITH, and June W. Murray, Executrix of the Estate of Delbert N. Murray, deceased, Appellants v. HAYNSWORTH, MARION, McKAY & GUERARD, Respondent.

(472 S.E. (2d) 612)

Supreme Court

434

*John J. Kerr* of *Brockinton, Brockinton & Kerr* and *Dale L. DuTremble,* Charleston, *for appellants.*

*Charles E. Carpenter, Jr., Donald V. Richardson, III* and *Deborah Harrison Sheffield* of *Richardson, Plowden, Grier and Howser,* Columbia, *for respondent.*

Heard Mar. 19, 1996.

Decided July 1, 1996.

WALLER, Justice:

In this legal malpractice action, the jury returned a verdict for respondents. We reverse.

## FACTS

This case arises out of respondent, Haynsworth, Marion, McKay & Guerard's (Haynsworth) representation of appellants, Smith and Murray, in a real estate development scheme. Smith and Murray contracted with a developer, Bill Bashor, to purchase lots on Wild Dunes. Bashor planned to develop the lots, then sell them for a profit. Two of the investors in the scheme were partners in the Haynsworth firm. Haynsworth represented Bashor in his acquisition and sale of the lots, as

well as in various other legal matters. Haynsworth also represented Smith and Murray in the transaction, with Bashor paying their attorney's fees.

The development scheme fell through and the lots were ultimately foreclosed by the bank. Smith and Murray sued Haynsworth for malpractice. The jury returned a verdict for respondents.

## ISSUES

1. Did the trial court err in excluding the testimony of appellants' expert witness?

2. Was the trial court's charge concerning powers of attorney improper?

## I. EXPERT TESTIMONY

Respondents moved to exclude the testimony of appellants' expert, Professor Gregory Adams, contending his testimony concerning the Rules of Professional Conduct (RPC), Rule 407, SCACR, was inadmissible, and claiming that Adams was not qualified to give an expert opinion as he was neither a real estate lawyer nor licensed to practice law in South Carolina. The trial court agreed and excluded Professor Adams' testimony. This was error.[1]

A plaintiff in a legal malpractice action must generally establish the standard of care by expert testimony. *See Mali v. Odom*, 295 S.C. 78, 367 S.E. (2d) 166 (Ct. App. 1988).[2] The parameters of such testimony have, however, been the subject of much debate.

The preamble to the RPC state that "[v]iolation of a Rule should not give rise to a cause of action nor should it create

---

[1] Respondents contend appellants did not adequately proffer Adams' testimony. We disagree. Adams testified he **had** formed opinions concerning the Haynsworth firm's duties and the breaches thereof. We find the proffered testimony fairly shows what the rejected testimony would have been. *State v. Roper*, 274 S.C. 14, 260 S.E. (2d) 705 (1979). Further, given that the reason for the proffer was to establish that Adams was, in fact, qualified as an expert, we find it was sufficient. *Cf. Lee v. Suess*, — S.C. —, 457 S.E. (2d) 344 (1995).

[2] There are four elements to a cause of action for legal malpractice: 1) the existence of an attorney-client relationship; 2) breach of a duty by the attorney; 3) damage to the client; and 4) proximate causation of the client's damages by the breach. Brewer, *Expert Testimony in Legal Malpractice Cases*, 45 S.C.L. Rev. 727, 730 (1994) (hereinafter Brewer).

any presumption that a legal duty has been breached." Rule 407, SCACR.[3] The RPC are silent, however, as to whether or not they are relevant in assessing the duty of care, or whether an expert may base his opinions in reliance thereon. Courts in other jurisdictions are divided.

A majority of courts permit discussion of such a violation at trial as **some** evidence of the common law duty of care.[4] *See Developments in The Law—Lawyers' Responsibilities and Lawyers' Responses*, 107 Harv. L. Rev. 1547, 1567 (1994). *See also* Wolfram, *The Code of Professional Responsibility as a Measure of Attorney Liability in Civil Litigation*, 30 S.C.L. Rev. 281, 286-287 (1979). These courts generally rule that the expert must address his or her testimony to the breach of a legal duty of care and not simply to breach of disciplinary rule. *See* Ambrosio and McLaughlin, *The Use of Expert Witnesses in Establishing Liability in Legal Malpractice Cases*, 61 Temp. L.R. 1351, 1363 (1988). Other Courts have held that ethical standards conclusively establish the duty of care and that any violation is negligence *per se.* Greenough, *The Inadmissibility of Professional Standards in Legal Malpractice After Hizey v. Carpenter*, 68 Wash. L. Rev. 395, 398-401 (1993) (hereinafter Greenough). A minority find that violation of an ethical rule established a rebuttable presumption of legal malpractice. *Id.* And, finally, a few courts hold that ethical standards are inadmissible in a legal malpractice action. *Id. See Hizey v. Carpenter*, 119 Wash. (2d) 251, 830 P. (2d) 646, 654 (1992); *Bross v. Denny*, 791 S.W. (2d) 416, 420 (Mo. Ct. App. 1990).[5]

---

[3] The RPC did not become effective until September 1, 1990. However, their applicability was not challenged at trial. In any event, the Code of Professional Responsibility in effect prior to adoption of the RPC likewise disclaimed the creation of standards of legal malpractice.

[4] The theory behind this view is that, since the ethical rules set the **minimum** standard of competency to be displayed by all attorneys, a violation thereof may be considered as evidence of a breach of the standard of care. *See Sommers v. McKinney*, 287 N.J. Super. 1, 670 A. (2d) 99, 105 (1996). Other courts admit this evidence in an analogous manner of admitting statutes, ordinances, or practice codes in defining the duty of care. *See* Greenough, *infra.*

[5] Even these courts, however, do not restrict an expert's right to base his opinions on the Rules. For example, *Hizey* held that an expert may rely on the disciplinary rules in forming an opinion as to an attorney's failure to conform to an ethical rule so long as the expert addresses the breach of a **legal** duty, and not simply the breach of an ethical rule. 830 P. (2d) at 654. Similarly, *Bross* did not preclude an expert's reliance on the Rules. 791 S.W. (2d) at 420-21.

We concur with the majority of jurisdictions and hold that, in appropriate cases, the RPC may be relevant and admissible in assessing the legal duty of an attorney in a malpractice action. However, we adopt the view taken by the Supreme Court of Georgia in *Allen v. Lefkoff, Duncan, Grimes & Dermer*, 265 Ga. 374, 453 S.E. (2d) 719, 721-722 (1995), as follows:

> This is not to say, however, that all of the Bar Rules would necessarily be relevant in every legal malpractice action. In order to relate to the standard of care in a particular case, we hold that a Bar Rule must be intended to protect a person in the plaintiff's position or be addressed to the particular harm.[6]

Finally, in its written order, the trial court ruled Adams unqualified in any event as he is not licensed to practice law in this state, and is not an expert in the area of real estate law. Appellants contend this ruling effectually establishes a "locality rule" requiring an expert to testify only to local standards governing malpractice.

This Court has abandoned the "locality rule" in the context of medical malpractice and accountants. *King v. Williams*, 276 S.C. 478, 279 S.E. (2d) 618 (1981) (medical malpractice); *Folkens v. Hunt*, 300 S.C. 251, 387 S.E. (2d) 265 (1990) (accountants). In the context of legal malpractice, most courts which originally adopted a strict locality rule have expanded the relevant geographical region to create a statewide standard of care. *Developments, supra*, 107 Harv. L. Rev. at 1566-67. *See also* Brewer, 45 S.C.L. Rev. at 757-8. The rationale for this development is that attorneys are generally regulated on a statewide basis, which state rules of procedure and different substantive laws. *Id. See also* Ambrosio and McLaughlin, 61 Temple L. Rev. at 1363-4. Accordingly, we adopt the majority view and rule that the standard to be ap-

---

One court has rejected expert testimony where it was based **solely** on an attorney's violation of ethical rules. *Lazy Seven Coal Sales, Inc. v. Stone and Hinds*, 813 S.W. (2d) 400 (Tenn. 1991). That court noted, however, that the Code may be **relevant** in determining the standard of care and may provide guidance in ascertaining lawyers' obligations. 813 S.W. (2d) at 405.

[6] The failure to comply with the RPC should not, however, be considered as evidence of negligence *per se*. It is merely a circumstance that, along with other facts and circumstances, may be considered in determining whether the attorney acted with reasonable care in fulfilling his legal duties to a widow.

plied in determining legal malpractice issues is statewide.

Further, the fact that Adams is not licensed to practice law in this state does not disqualify him as an expert. *See McMillan v. Durant,* 312 S.C. 200, 439 S.E. (2d) 829 (1993) (practitioner's experience teaching in a particular speciality and his professional interaction with practitioners of that specialty are facts sufficient to support his qualification as an expert. Defects in qualification go to weight rather than admissibility). Likewise, the fact that Adams is not a real estate lawyer does not prohibit his testimony concerning those ethical obligations which are relevant to appellants' claims.

Accordingly, in light of our holding the matter must be reversed and remanded for a new trial. Although unnecessary to our decision, we address the following issue to prevent reoccurrence upon retrial.

## II. POWER OF ATTORNEY CHARGE

Smith and Murray signed limited powers of attorney authorizing the Haynsworth firm to execute any documents necessary to the closing. In his charge to the jury, the trial court charged as follows, "[a] power of attorney limits an attorney's duties and responsibilities toward the plaintiff to only those duties named in the power of attorney." Appellants claim this charge effectively prohibited the jury from finding respondents liable for any conduct outside the powers of attorney. We agree.

The language used may have misled the jury to believe that the only duties owed by Haynsworth arose under the powers of attorney. The trial court should have instructed that the duties set forth in the powers of attorney applied only to matters arising thereunder and did not limit Haynsworth's responsibilities in other regards.

Finally, we find that respondents' additional sustaining grounds are without merit. The judgment below is reversed and remanded for a new trial.

Reversed and remanded.

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.