550 S.E.2d 577

Nancy HENKEL, Appellant,

v.

Marshall WINN, Lesley R. Moore, and Wyche, Burgess, Freeman & Parham, Respondents.

No. 3344.

Court of Appeals of South Carolina.

Heard April 3, 2001.
Decided May 21, 2001.
Rehearing Denied Aug. 22, 2001.

Renee R. Christina, of Greenville, for appellant.

Jefferson V. Smith, Jr. and Thomas W. Traxler, both of Carter, Smith, Merriam, Rogers & Traxler, of Greenville, for respondents.

HEARN, Chief Judge:

In this attorney malpractice action, Nancy Henkel (Wife) alleges that Marshall Winn, Lesley R. Moore, and the law firm of Wyche, Burgess, Freeman & Parham, P.A., (collectively, Attorneys) were negligent in the preparation of her husband's will. The trial court granted summary judgment in favor of Attorneys. We affirm.

## FACTS

In November 1995, Robert Head (Husband) and Wife met with Winn to discuss their estate plans and wills. At the time of this meeting, Husband had been diagnosed with terminal metastatic cancer, and Wife was expecting the couple's first child. Husband had three children from a previous marriage. Following the meeting, Winn realized that Husband's situation was indeed grave and enlisted the aid of Moore, another attorney in his firm. The couple had a second meeting with both attorneys on November 21. Robert Head, Jr. was born on November 25.

On November 28, Moore sent Husband and Wife a draft of the wills and a letter explaining their contents. Specifically, the letter stated:

Robert leaves to Nancy that amount which, when added to the assets passing to Nancy outside his Will (but not his tangible personal property), will equal one-half of his estate ... I do want to remind you of the fact that your Wills will operate only on the property in your probate estates. To the extent that property passes directly to each other or to someone else in the form of insurance proceeds, as jointly owned property with rights of survivorship and/or pursuant to beneficiary designations under any employer or other plans, your Wills will not operate on these assets. I believe we discussed the advisability of Robert naming his estate as the beneficiary of part or all of his life insurance.

Wife acknowledged she read the letter to the best of her ability. In the following months, Husband asked that his will be amended to include specific bequests to his sisters. He made no changes to the other substantive provisions of the will. On January 31, 1996, as they prepared to go to Houston for medical treatment, the couple executed wills as drafted by Attorneys. In March, Husband received a bill from Attorneys and wrote Winn questioning the amount and asking for a cost breakdown. Tragically, Husband died in August 1996.

When the will was admitted for probate, Wife realized she was not going to receive what she anticipated under the will as executed, and she chose to take her elective share. She did not challenge the validity of the will for lack of testamentary capacity.

In the will, Wife received one-half of Husband's estate for federal estate tax purposes.[1] According to Wife, her husband instructed Attorneys to make specific bequests to her in addition to leaving her one-half of the probate assets. She contends she should have received all of the couple's jointly owned property and the proceeds from her husband's retirement plan and savings investment accounts plus one-half of the life insurance proceeds, stocks and bonds, and his interest

---

[1]. In effect, this was achieved by reducing her share of the probate assets for each dollar she received in taxable non-probate assets.

in the marital home with the balance of the estate going to Husband's children from his previous marriage.[2]

Wife filed this action alleging professional negligence against Attorneys. Attorneys moved for summary judgment. The trial court determined that Husband's execution of the will indicated he was aware of its content and nature. Furthermore, the trial court concluded that Wife waived her right to present the issue at trial and is estopped from claiming that the will was contrary to her husband's instructions because she failed to raise the issue before Husband's death. The trial court also found Wife's failure to inform Attorneys that the will and letter were inconsistent with Husband's intent was an intervening and superseding cause of Wife's injury. Accordingly, the trial court granted summary judgment in favor of Attorneys. Wife appeals.

## ANALYSIS

### I. Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), SCRCP; see *Bessinger v. Bi–Lo, Inc.*, 329 S.C. 617, 619, 496 S.E.2d 33, 34 (Ct.App.1998). In determining whether any triable issues of fact exist, the evidence and all reasonable inferences from it must be viewed in the light most favorable to the party opposing summary judgment. *Summer v. Carpenter*, 328 S.C. 36, 42, 492 S.E.2d 55, 58 (1997).

### II. Husband's Testamentary Intent

 Wife argues that the trial court erred in granting summary judgment to Attorneys because a genuine issue of material fact exists regarding Husband's testamentary intent. We disagree.

---

2. Using the numbers in the trial judge's order, Husband's net estate totaled $812,000. Under the will as executed, Wife would have received approximately $406,000. If the will had been executed as Wife proposes, her share would have amounted to $546,500. After taking her elective share, Wife received $455,000.

To prove legal malpractice, the plaintiff must establish: (1) the existence of an attorney-client relationship, (2) breach of a duty by the attorney, (3) proximate causation, and (4) damage to the client. *McNair v. Rainsford,* 330 S.C. 332, 342, 499 S.E.2d 488, 493 (Ct.App.1998). Generally, a plaintiff in a legal malpractice action must establish the standard of care by expert testimony. *Smith v. Haynsworth,* 322 S.C. 433, 435, 472 S.E.2d 612, 613 (1996); *Mali v. Odom,* 295 S.C. 78, 80, 367 S.E.2d 166, 168 (Ct.App.1988).

Here, we find Wife's claim fails as a matter of law because there is no evidence in the record showing Attorneys breached any duty to Husband or Wife.[3] Wife relies on extrinsic evidence to establish that Husband's testamentary intent was contrary to the language of his will. However, we presume a person signing a will knows the content and nature of the will. *Estate of O'Neill v. Tobias,* 259 S.C. 55, 62–63, 190 S.E.2d 754, 757 (1972); *Hembree v. Estate of Hembree,* 311 S.C. 192, 195, 428 S.E.2d 3, 4 (Ct.App.1993). Because the will was duly executed and admitted for probate, we must presume Husband knew and understood its contents. Moreover, the testator's intent must be determined from the will itself.

But how is the intention to be ascertained? Certainly not by conjecture as to what the testator ought to have done, but by considering what is the plain meaning of the language which he has used, and by giving a careful consider-

---

3. Initially, we note that Wife may not have standing to assert a claim for malpractice based on her husband's will. There is a split among other jurisdictions as to whether a frustrated beneficiary can sue the will's drafter. *See Ginther v. Zimmerman,* 195 Mich.App. 647, 491 N.W.2d 282, 285–86 (1992) (discussing generally approaches applied with respect to attorney malpractice in drafting wills and privity); *see generally* Joan Teshima, Annotation, *Attorney's Liability, to One Other than Immediate Client, for Negligence in Connection with Legal Duties,* 61 A.L.R.4th 615 (1988). Although never addressed directly in South Carolina, related case law indicates that a plaintiff in an attorney malpractice action may have to be in privity with the attorney. *See Gaar v. North Myrtle Beach Realty Co.,* 287 S.C. 525, 528, 339 S.E.2d 887, 889 (Ct.App.1986) (finding in action for malicious prosecution that "an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client"). We decline to reach this issue because even assuming Wife has standing, her claim fails as a matter of law.

ation to the words of the will as a whole.... *We are to read the will as a whole, and from its terms ascertain, if practicable, what was in the mind of the testator at the time he executed it.* We may also, where the language used is obscure or doubtful, read such language in the light which may be reflected upon it by the circumstances surrounding the testator at the time he executed his will, but such circumstances cannot be resorted to, to prove the testator's intention apart from his language.

*Roundtree v. Roundtree,* 26 S.C. 450, 465, 2 S.E. 474, 478 (1887) (emphasis added); *see Shelley v. Shelley,* 244 S.C. 598, 602, 137 S.E.2d 851, 853 (1964); *Black v. Gettys,* 238 S.C. 167, 174, 119 S.E.2d 660, 662 (1961).

█ Although the above cases arose from will contests, we find no reason why the presumptions should not apply here. A will evidences the testator's intent at the moment of execution and may differ dramatically from statements he or she may have made in the past.[4] Therefore, extrinsic evidence of intent may not be considered absent a latent ambiguity in the will. Because the will was properly executed and probated, we find that Wife cannot establish that Husband's intent was anything other than as expressed in his will. Thus, Wife has set forth no facts showing any breach of duty by Attorneys. Accordingly, the trial court correctly granted summary judgment.[5]

**AFFIRMED.**

CURETON and SHULER, JJ., concur.

---

4. Although the parties in this case acknowledge Wife was present at all meetings between Husband and Attorneys, it is easy to imagine a situation where a testator would repeatedly assure someone that he or she was going to inherit and then execute a will which provides otherwise.

5. Because we agree with the trial judge that Wife presented no evidence that the testator's intent was other than that expressed in the will, we do not reach Wife's arguments that her actions were not a superseding cause of her injury and that her claims were not barred by the doctrines of waiver and estoppel.