592 S.E.2d 315

**Alice C. SIMS, Jr., Individually And In Her Capacity as Personal Representative of the Estates of Alice C. Sims, Sr., and Georgia Sheridan Sims, Respondent,**

v.

**Ronald R. HALL, Appellant.**

No. 3703.

Court of Appeals of South Carolina.

Submitted Nov. 3, 2003.

Decided Dec. 8, 2003.

Rehearing Denied Feb. 19, 2004.

---

Ronald R. Hall, of West Columbia, Pro Se.

John G. Felder, Jr., of Columbia, for Respondent.

ANDERSON, J.:

Alice Sims, Jr., initiated this legal malpractice action against Ronald R. Hall alleging he was negligent in failing to provide competent advice regarding the administration of her deceased mother's estate. The trial court found Hall was negligent and awarded Sims $191,543 in actual damages. We affirm.[1]

## FACTS/PROCEDURAL BACKGROUND

Alice Sims, Jr.'s sister, Georgia Sims, died intestate on January 14, 1997. Their mother, Alice Sims, Sr., died later that year on September 1, 1997. As personal representative of both estates, Alice Sims, Jr., retained Hall to advise her as she concluded her mother's and sister's affairs.

Georgia Sims died without a valid will. Her estate passed to Alice Sims, Sr., under South Carolina's intestate succession statute. See S.C.Code Ann. § 62–2–103(2) (Supp.2002) (providing if there is no surviving spouse or surviving issue, the entire estate passes to the intestate's parents). As a result, when Alice Sims, Sr.'s estate was settled in 1998, it was

---

[1]. We decide this case without oral argument pursuant to Rule 215, SCACR.

subject to substantially higher tax liability because Georgia Sims' property had become part of Alice Sims, Sr.'s estate.

The taxing of Georgia Sims' property as part of her mother's estate could have been avoided if Alice Sims, Sr. (during the last few months of her life) or Alice Sims, Jr. (as personal representative of Alice Sims, Sr.'s estate after her death) had executed a "qualified disclaimer" under section 2518 of the Internal Revenue Code. *See* 26 U.S.C.A. § 2518 (2003). South Carolina adopted the Internal Revenue Code's disclaimer requirements for its estate tax laws. Section 12–16–1910 (1976) of the South Carolina Code provides that "if a person as defined in Section 62–2–801 makes a disclaimer as provided in Internal Revenue Code Section 2518 with respect to any interest in property, this chapter applies as if the interest had never been transferred to the person."

By exercising the right of disclaimer, a person relinquishes all rights to, or "disclaims," property received by gift, will, or intestate succession. This is done almost exclusively to garner favorable tax consequences. In this case, if a valid disclaimer of Georgia Sims' property had been made by Alice Sims, Sr., or on behalf of her estate by Alice Sims, Jr., the property of Georgia Sims would have been treated for tax purposes as though it had never passed to Alice Sims, Sr.

The right of disclaimer cannot, however, be exercised at any time. A party wishing to disclaim her interest in property received must do so within the statutorily prescribed time limit. The time period is enunciated in section 2518, which provides, in pertinent part, that the written disclaimer must be "received by the transferor of the interest, his legal representative, or the holder of the legal title to the property to which the interest relates not later than the date which is 9 months after ... the day on which the transfer creating the interest in such person is made." 26 U.S.C.A. § 2518(b)(2)(A). For the purposes of the present appeal, the unappealed rulings of the trial court establish as the law of this case that the date of "transfer" under section 2518 was the date of Georgia Sims' death.[2]

---

2. Prior to trial, there was a dispute among the parties concerning the date on which a "transfer" occurs under section 2518. Hall contended the "transfer" of Georgia Sims' property to Alice Sims, Sr., did not

Alice Sims, Jr., served as the personal representative of Georgia Sims' estate and Alice Sims, Sr.'s estate during this nine-month time period for disclaimer following Georgia Sims' death. It is undisputed that Hall, as Alice Sims, Jr.'s attorney during this time, never advised her of the benefits of disclaiming Alice Sims, Sr.'s interest in Georgia Sims' estate.

Alice Sims, Jr., instituted this action against Hall, claiming he was professionally negligent in failing to advise her of the right to disclaim Georgia Sims' estate. The case was tried without a jury before the Master–in–Equity of Orangeburg County. The trial court found Hall's failure to discuss the option of executing a disclaimer fell below the standard of care owed to Sims. The court ruled that Alice Sims, Jr., was legally entitled to exercise the right of disclaimer on behalf of her mother's estate and she would have disclaimed had she been informed of the option by Hall. As to damages, the court found that the failure to execute a disclaimer resulted in additional tax liability of $191,543.

## STANDARD OF REVIEW

In an action at law tried without a jury, an appellate courts scope of review extends only to the correction of errors of law. *Crary v. Djebelli*, 329 S.C. 385, 388, 496 S.E.2d 21, 23 (1998) (citing *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976)); *Campbell v. Marion County Hosp. Dist.*, 354 S.C. 274, 280, 580 S.E.2d 163, 165–66 (Ct.App. 2003). Thus, the factual findings of the trial judge will not be disturbed on appeal unless a review of the record discloses

---

occur until the date the deed of distribution transferred title. Alice Sims, Jr., claimed the transfer occurred on the date Georgia Sims died. In ruling on Hall's motion for summary judgment, the circuit court found that the date of transfer, for the purposes of transfer by intestacy, was the date of Georgia Sims' death.

Hall did not appeal the court's summary judgment order and later conceded at trial that, to be effective, disclaimer of Georgia Sims' property must have occurred within nine months after her death. Unappealed rulings become the law of the case and should not be reconsidered by this court. *ML–Lee Acquisition Fund, L.P. v. Deloitte & Touche*, 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997); *Toyota of Florence, Inc., v. Lynch*, 314 S.C. 257, 266, 442 S.E.2d 611, 616 (1994). Accordingly, this Court will not rule on the legal question as to the date on which the transfer occurred under section 2518. In the present appeal, the date of transfer will be the date of Georgia Sims' death.

that there is no evidence which reasonably supports the judges findings. *Harkins v. Greenville County,* 340 S.C. 606, 621, 533 S.E.2d 886, 893 (2000); *Townes,* 266 S.C. at 86, 221 S.E.2d at 775; *Scott v. Greenville Hous. Auth.,* 353 S.C. 639, 645, 579 S.E.2d 151, 154 (Ct.App.2003).

## LAW/ANALYSIS

■ Hall appeals the trial court's judgment, arguing: (A) Respondent did not properly establish that he owed a duty to inform her of the disclaimer rights or that he breached this duty, and (B) Respondent failed to present sufficient evidence supporting the trial courts finding he proximately caused the damages.[3] In an action for legal malpractice, the claimant must prove four elements: (1) the existence of an attorney-client relationship; (2) breach of a duty by the attorney; (3) damage to the client; and (4) proximate causation of the client's damages by the breach. *Smith v. Haynsworth, Marion, McKay Geurard,* 322 S.C. 433, 435 n. 2, 472 S.E.2d 612, 613 n. 2 (1996); *McNair v. Rainsford,* 330 S.C. 332, 342, 499 S.E.2d 488, 493 (Ct.App.1998).

### A.Standard of Care and Breach

■ Hall contends the trial court committed reversible error in finding he breached his duty of care owed to Alice Sims, Jr., because, at trial, Sims failed to establish by expert testimony the standard of care he owed to her. We disagree.

Generally, a plaintiff in a legal malpractice case must establish the standard of care by expert testimony, unless the

---

3. In the Appellants Statement of Issues on Appeal, he lists as an issue whether the trial court err[ed] in finding the Respondent had proven damages in the amount of $191,453.00. In the body of the brief, however, this issue is not discussed. Our states appellate courts have consistently held that issues raised on appeal but not argued in the brief will not be considered by the court. *See, e.g, Jinks v. Richland County,* 355 S.C. 341, 345, 585 S.E.2d 281, 283 (2003) (holding the court will not consider issues raised on appeal but not argued in the body of the brief); *Fields v. Melrose Ltd. Pship.,* 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct.App.1993) (finding that [a]lthough the [appellants] raise this alternative holding in their statement of the issues on appeal, they fail to argue it in their brief. An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court.).

subject matter is of common knowledge to laypersons. *Smith v. Haynsworth, Marion, McKay & Geurard,* 322 S.C. 433, 435, 472 S.E.2d 612, 613 (1996); *Hall v. Fedor,* 349 S.C. 169, 174, 561 S.E.2d 654, 657 (Ct.App.2002); *Henkel v. Winn,* 346 S.C. 14, 18, 550 S.E.2d 577, 579 (Ct.App.2001). However, this court held in *Mali v. Odom* that expert testimony is not required where the defendant admits the standard of care that was owed to the plaintiff. 295 S.C. 78, 81, 367 S.E.2d 166, 168 (Ct.App.1988). The same result is warranted in the present case.

In *Mali,* the plaintiffs brought a legal malpractice action against their attorney alleging negligent misrepresentation at a real estate closing. *Id.* at 79, 367 S.E.2d at 168. The court found the plaintiffs were not required to establish by expert testimony the applicable standard of care because the defendant attorney conceded in written responses to the plaintiffs' interrogatories that he had a duty to disclose restrictions on the subject property and explain the legal impact of those restrictions to his clients. *Id.* at 81, 367 S.E.2d at 168.

In the present case, Hall admitted in his Memorandum in Support of Summary Judgment filed with the circuit court that, during the nine-month time period of the disclaimer right, Alice Sims, Jr.'s "counsel of record" had a duty to advise her regarding the option to execute a disclaimer. In his motion for summary judgment and supporting memorandum, however, the lynchpin of Hall's argument was that he was not the "counsel of record" during the nine-month disclaimer period.[4] Therefore, in addressing the duty to advise Sims of her right to disclaim, Hall states in the memorandum:

As Defendant was not Plaintiff's attorney at the time of the transfer, nor had any knowledge or dealings with either Estate, the Defendant could not have advised Plaintiff regarding her option to file a Disclaimer. It follows then that the Defendant owed no duty to Plaintiff to advise her regarding her option to file a Disclaimer. That duty lay with her then counsel of record.

At trial, Hall abandoned the argument that he was not Sims' attorney after his motion for summary judgment was denied.

---

4. *See supra* fn. 2 (explaining Hall's earlier motion for summary judgment and the trial court's disposition).

He now concedes that he was Sims'· attorney during the disclaimer period.

Hall argues that his statement in his summary judgment memorandum does not constitute an admission of the standard of care because he made the statement while arguing that *someone else* was Sims' counsel of record during the disclaimer period. We disagree.

The admission of the standard of care need not be an admission of wrongdoing by the defendant. To the contrary, the purpose of establishing the appropriate standard of care is simply to arm the finder of fact with the appropriate criteria by which to judge the defendant's conduct. *Cianbro Corp. v. Jeffcoat & Martin,* 804 F.Supp. 784, 791 (D.S.C.1992). In *Mali,* the defendant admitted his duty to disclose the restrictions on the subject property, but he did not admit he breached that duty. *See also Stallings v. Ratliff,* 292 S.C. 349, 356 S.E.2d 414 (Ct.App.1987) (finding testimony of defendant physician's own expert and defendant himself established the applicable standard of care, even though defendant denied he breached that standard). Thus, Hall's argument that his statement in his summary judgment memorandum does not constitute an admission establishing the standard of care because it was not made in connection with an admission of wrongdoing is in error.

We hold Hall established the appropriate standard of care by his own admission and expert testimony was not required in this case.

Despite his admission, Hall contends he did not breach his duty to advise Alice Sims, Jr., of her rights to execute a disclaimer because he did not have knowledge of the size of Alice Sims, Sr.'s estate during the time he was the attorney for the estate. Because he did not know the amount of the estate, Hall claims he had no way to determine if there would be possible tax consequences.

This argument is meritless. Hall acknowledged that he was familiar with the concept of disclaimer. Moreover, he has admitted that he had a duty to inform Sims of the right of disclaimer. As an attorney familiar with the concept, Hall's duty to advise his client whether disclaimer would be to her

advantage cannot be abrogated by mere ignorance of his client's affairs. Hall's duty to inform Sims of the right of disclaimer compelled him to ascertain if executing a disclaimer was in his client's interest or, at a minimum, advise her of the existence or significance of a disclaimer.

## B. Proximate Cause

Hall next asserts that he did not proximately cause Alice Sims, Sr.'s estate to be subject to additional tax liability because Alice Sims, Sr. (1) took possession and, therefore, "accepted" Georgia Sims' property, and (2) "directed" its disposition to Alice Sims, Jr.—actions Hall claims contravene the right of disclaimer under section 2518. We address these claims seriatim.

Proximate cause requires proof of causation in fact and legal cause. *Oliver v. South Carolina Dep't of Highways & Pub. Transp.*, 309 S.C. 313, 316, 422 S.E.2d 128, 130 (1992); *Hurd v. Williamsburg County*, 353 S.C. 596, 611, 579 S.E.2d 136, 144 (Ct.App.2003); *Trivelas v. South Carolina Dep't of Transp.*, 348 S.C. 125, 135, 558 S.E.2d 271, 276 (Ct.App.2001). Causation in fact is proved by establishing the plaintiff's injury would not have occurred "but for" the defendant's negligence. *Oliver*, 309 S.C. at 316, 422 S.E.2d at 130; *Small v. Pioneer Mach., Inc.*, 329 S.C. 448, 463, 494 S.E.2d 835, 842 (Ct.App. 1997); *Vinson v. Hartley*, 324 S.C. 389, 400, 477 S.E.2d 715, 721 (Ct.App.1996). Legal cause is proved by establishing foreseeability. *Bray v. Marathon Corp.*, 356 S.C. 111, 588 S.E.2d 93 (2003). For an act to be a proximate cause of the injury, the injury must be a foreseeable consequence of the act. *Young v. Tide Craft, Inc.*, 270 S.C. 453, 475, 242 S.E.2d 671, 681 (1978); *Small*, 329 S.C. at 463, 494 S.E.2d at 842–43. Although foreseeability of some injury from an act or omission is a prerequisite to establishing proximate cause, the plaintiff need not prove that the actor should have contemplated the particular event which occurred. *Whitlaw v. Kroger Co.*, 306 S.C. 51, 54, 410 S.E.2d 251, 253 (1991); *Bramlette v. Charter–Med.–Columbia*, 302 S.C. 68, 74, 393 S.E.2d 914, 916 (1990).

The defendant may be held liable for anything which appears to have been a natural and probable consequence of his negligence. *Greenville Memorial Auditorium v.*

*Martin,* 301 S.C. 242, 245, 391 S.E.2d 546, 548 (1990); *Childers v. Gas Lines, Inc.,* 248 S.C. 316, 325, 149 S.E.2d 761, 765 (1966). Proximate cause does not mean the sole cause. *Bishop v. South Carolina Dep't of Mental Health,* 331 S.C. 79, 89, 502 S.E.2d 78, 83 (1998); *Hurd,* 353 S.C. at 613, 579 S.E.2d at 145. The defendant's conduct can be a proximate cause if it was at least one of the direct, concurring causes of the injury. *Hughes v. Children's Clinic, P.A.,* 269 S.C. 389, 398, 237 S.E.2d 753, 757 (1977); *Small,* 329 S.C. at 464, 494 S.E.2d at 843.

### 1. Alice Sims, Sr., did not "accept" Georgia Sims' estate.

 Under section 2518, a person may validly execute a disclaimer only if "such person has not accepted the interest or any of its benefits." Hall claims Alice Sims, Sr., took constructive possession of Georgia Sims' property and thereby "accepted" it. We disagree.

 Initially, we note this issue is not preserved for appellate review. Though Hall pled this defense in his answer to plaintiff's complaint, the trial court did not rule upon the question of whether Alice Sims, Sr., accepted Georgia Sims' property, and Hall did not raise the issue in his post-trial Motion to Modify or Amend Judgment and Motion for a New Trial. Post-trial motions to amend or modify judgment are necessary to preserve issues that have been raised to the trial court but not ruled upon. *Bailey v. Segars,* 346 S.C. 359, 365, 550 S.E.2d 910, 913 (Ct.App.2001); *see also Creech v. South Carolina Marine Wildlife Res. Dept.,* 328 S.C. 24, 34, 491 S.E.2d 571, 576 (1997) (holding that appellate court cannot address an issue unless the issue was raised to and ruled upon by the trial court). Accordingly, the issue is not properly before this court. Even if we were to reach the merits of Halls argument, however, we would still affirm the trial courts judgment.

 We find no evidence in the record before us sufficient to warrant finding Alice Sims, Sr., accepted Georgia Sims' property. In defining the parameters of "acceptance" under section 2518, the applicable treasury regulation provides:

A qualified disclaimer cannot be made with respect to an interest in property if the disclaimant has accepted the interest or any of its benefits, expressly or impliedly, prior to making the disclaimer. Acceptance is manifested by an affirmative act which is consistent with ownership of the interest in property. Acts indicative of acceptance include using the property or the interest in property; accepting dividends, interest, or rents from the property; and directing others to act with respect to the property or interest in property. However, merely taking delivery of an instrument of title, without more, does not constitute acceptance. 26 C.F.R. 25.2518-2(d)(1) (2003). When determining whether a disclaimant has accepted the property, we do not look to a single act or declaration, but rather the court must examine the disclaimants conduct in toto. *See* 80 Am.Jur.2d *Wills* 1364 (2002) (noting acceptance of a devise or bequest need not be express but may be shown by the acts or conduct of the beneficiary and acceptance ... occurs if the party with the expectancy interest exercises dominion and control over the property in the capacity of a beneficiary). A beneficiary of property in an estate will not be deemed to have accepted the property as long she leaves the disputed property in the possession of the estate and does not unreasonably disrupt the orderly and timely distribution of the estate assets. *In re Estate of Watkins*, 572 So.2d 1014, 1015 (Fla.App.1991); *see also Jordan v. Trower*, 208 Ga.App. 552, 553, 431 S.E.2d 160, 162 (1993) (finding that a will beneficiarys acceptance of approximately $460 from an estate prior to filing of a will for probate, for beneficiarys use in purchasing clothing for funeral and other expenses, did not constitute type of acceptance or possession of property of estate that would preclude her from timely renouncing her interest; beneficiary did not obtain, nor even seek, possession of property of estate as a whole and undertook no actions that would indicate an intention to assert an ownership interest in the property of the estate); *Niklason v. Ramsey*, 233 Va. 161, 164, 353 S.E.2d 783, 784 (1987) (holding that a beneficiarys contract to divide his mothers estate prior to execution of disclaimer operated as dominion and control over the estate, thereby precluding disclaimer).

In this case, Hall points to his testimony that Alice Sims, Sr., had taken possession of Georgia Sims house after her

death because she had the house cleaned up and she sold the furniture out of the house. Without more, this conduct does not evidence such dominion and control as to have precluded Alice Sims, Sr., or the personal representative of her estate from making a valid disclaimer.

Important to this determination is the fact that both Alice Sims, Sr., prior to her death, and Alice Sims, Jr., served as personal representatives of Georgia Sims estate, qualifying them as fiduciaries of the estate. *See* S.C.Code Ann. 62–3–703(a) (1987). As fiduciaries, the Treasury Regulation defining acceptance under section 2518 provides that their actions to preserve or maintain the disclaimed property shall not be treated as an acceptance of such property or any of its benefits. Under this rule, for example, an executor who is also a beneficiary may direct the harvesting of a crop or the *general maintenance of a home.* 26 C.F.R. 25.2518–2(d)(2) (emphasis added). Alice Sims, Sr., therefore, did not prejudice her right to execute a qualified disclaimer by acting to preserve her late daughters estate.

### 2.Alice Sims, Sr., did not direct the disposition of Georgia Sims estate.

 Under 26 U.S.C.A. 2518(b)(4), a disclaimer is valid only if the interest being refused passes without any direction on the part of the person making the disclaimer. Hall claims that prior to her death, Alice Sims, Sr. planned and directed Georgia Sims estate go directly to Alice Sims, Jr., thereby precluding her from effecting a valid disclaimer. We disagree.

As a threshold matter, this question is not preserved for appellate review because the trial court did not rule upon this issue and Hall did not raise the issue in his post-trial Motion to Modify or Amend Order. For the same reasons cited regarding preservation of the prior issue, this question is not properly before this court. Again, however, even if we reach the merits, we would affirm the trial courts judgment.

The applicable Treasury Regulation has interpreted the requirement that the interest pass without direction by the disclaimant as meaning: "If there is an express or implied agreement that the disclaimed interest in property is to be given or bequeathed to a person specified by the disclaimant,

the disclaimant shall be treated as directing the transfer of the property interest. 26 C.F.R. 25.2518–2(e)(1).

As evidence that Alice Sims, Sr., had such an agreement prior to disclaimer to dispose of Georgia Sims estate, Hall cites the trial testimony of Alice Sims, Jr.:

[W]e [Alice Sims, Sr., and Alice Sims, Jr.] both felt that Georgias estate should come directly to me. At the time I had been told by Mr. Hall that I was co-heir with my ... mother. And I said, well, then I want, we want mamas portion, mamas half to come directly to me.

This statement does not evidence an agreement between Alice Sims Jr., and her mother to direct the transfer of Georgia Sims property as contemplated under section 2518. To the contrary, this testimony reveals nothing more than Alice Sims, Jr., and Alice Sims, Sr., simply inquiring with their attorney about the possibility of disclaimer. Hall asks this court to find that Alice Sims, Sr.—by saying that she wanted to disclaim her interest—is barred from making such a disclaimer because she directed the transfer of the property. This argument strains credulity. If this procedure was followed, lawyers advising clients on matters of estate administration would be unable to engage their clients in meaningful conversations about their wishes for the distribution of property for fear of foregoing disclaimer and other similar options. We decline to adopt this approach.

## CONCLUSION

The trial court did not err in ruling Respondent had established the proper standard of care in this case and Hall breached that duty, proximately resulting in substantial, additional taxable assets accruing to Alice Sims, Sr.s estate. Concomitantly, the judgment of the Master is

**AFFIRMED.**

BEATTY, J., and CURETON, A.J., concur.