THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ella R. Hall,       
Appellant,
 
 
 

v.

 
 
 
J. Richard Jones, Esquire,       
Respondent.
 
 
 

Appeal From Darlington County
James E. Lockemy, Circuit Court Judge

Unpublished Opinion No. 2004-UP-367
Submitted June 8, 2004  Filed June 
 10, 2004

AFFIRMED

 
 
 
Ella R. Hall, of Hartsville, for Appellant.
Finley B. Clarke, of Florence, for Respondent.
 
 
 

PER CURIAM:  In this legal 
 malpractice action, Ella Hall appeals a circuit court order granting summary 
 judgment in favor of J. Richard Jones, Esquire.  We affirm.
FACTS
Ella Hall worked as a nurse for Commander Nursing 
 Center.  In 1997, she became the subject of an investigation into some missing 
 drugs at the center.  The South Carolina Board of Nursing investigated the incident.  
 Rebecca Plowden, the nursing home administrator, suspended Hall in July 1997 
 after the investigation indicated Hall was responsible for the missing drugs.  
 A complaint against her nursing license was filed with the Board.
Hall originally hired Anne Bell in August 
 1997 as counsel to help with the licensing matter before the Board.  She discussed 
 bringing suit against Commander for racial discrimination because she was black 
 and her husband was white, and she felt that contributed to her suspension.  
 Hall became dissatisfied with Bells representation and terminated the representation 
 in March 1998. 
Thereafter, Hall retained Jones in March 
 1998 to represent her in the Board matter.  Additionally, she raised the possibility 
 of bringing suit against multiple parties, including Commander, Plowden, the 
 Board, and its investigator.  Jones pursued his representation of Hall on the 
 matter before the Board.  In October 1998, Jones and Hall were notified that 
 the complaint against Halls license had been dismissed.  
In December 1998, Jones ended his representation 
 of Hall.  He never filed any actions regarding her racial discrimination or 
 defamation claims.  Hall stated that Jones presented her with a list of other 
 counsel to consider for representation.  On December 7, 1998, Jones returned 
 Halls file to her.  He never charged Hall for any of his representation.    

On July 22, 1999, Hall employed David 
 Weeks to file actions for racial discrimination and defamation.  Hall subsequently 
 terminated his representation.    
In December 2000, Hall filed separate pro 
 se legal malpractice actions against Bell, Jones, and Weeks.  In her 
 complaint against Jones, she alleged breach of contract, breach of fiduciary 
 duty, and negligence.  All of her claims centered on his failure to file her 
 action for defamation and racial discrimination.  Each cause of action was framed 
 as an action for legal malpractice.  Jones filed an answer admitting he represented 
 her regarding her nursing license, but denying he ever agreed to pursue the 
 racial discrimination and defamation claims.  He asserted his representation 
 ended on December 7, 1998, when he returned the file to Hall.  
Jones filed a motion for summary judgment, along 
 with an affidavit from an expert.  The affidavit stated Jones did not breach 
 the standard of care for an attorney.  The expert asserted a strategy was required 
 to determine whether to file a lawsuit while the matter before the nursing board 
 was pending, as well as the type of cause of action to file.  Hall failed to 
 file an affidavit from an expert in connection with the summary judgment motion.  
 The circuit court extended to Hall forty-five days to file an affidavit establishing 
 the standard of care and identifying Jones breach of the standard.  Hall never 
 submitted the affidavit of an expert.
In ruling on the summary judgment motion, the circuit 
 court considered Halls three causes of action as one action alleging legal 
 malpractice.  The court found that she failed to properly establish the standard 
 of care by expert testimony.  The court also noted that Hall still had several 
 viable causes of action at the time Jones ended his representation.  As such, 
 she did not show how his failure to file certain complaints was the proximate 
 cause of any of her alleged damages.  Finally, the court concluded Jones exercised 
 good judgment and did not deviate from the standard of care and that Hall suffered 
 no legal prejudice by the fact [Jones] had not filed suit for her prior to December 
 7, 1998.  Hall did not file a Rule 59(e), SCRCP, motion to alter or amend the 
 judgment to have the court specifically address either her breach of contract 
 or breach of fiduciary duty claims.  This appeal follows.
STANDARD OF REVIEW
In reviewing the grant of a summary judgment motion, 
 this court applies the same standard which governs the trial court:  summary 
 judgment is proper when there is no genuine issue as to any material fact and 
 the moving party is entitled to judgment as a matter of law.  Rule 56(c), SCRCP; 
 Baughman v. American Tel. & Tel. Co., 306 S.C. 101, 114-115, 410 
 S.E.2d 537, 545 (1991).  In determining whether any triable issues of fact 
 exist, the evidence and all inferences which can be reasonably drawn from the 
 evidence must be viewed in the light most favorable to the nonmoving party. 
Strother v. Lexington County Recreation Commn, 332 S.C. 
 54, 61, 504 S.E.2d 117, 121 (1998).  On appeal from an order granting summary 
 judgment, the appellate court will review all ambiguities, conclusions, and 
 inferences arising in and from the evidence in a light most favorable to the 
 non-moving party below.  Osborne v. Adams, 346 S.C. 4, 7, 550 
 S.E.2d 319, 321 (2001).  
DISCUSSION
 Hall raises several issues contesting 
 the grant of summary judgment in favor of Jones.  She alleges: 1) there are 
 issues of fact as to whether an attorney-client relationship existed; 
 [1] 2) the court erred in requiring an affidavit or testimony by an expert 
 to establish the standard of care; 3) there are issues of fact related to Halls 
 legal malpractice claim; 4) there are issues of fact related to Halls claim 
 of breach of contract; [2] 5) there are issues of fact related to Halls breach of fiduciary 
 duty claim; [3] and 6) the affidavit 
 testimony of Jones expert was not uncontradicted.  The only issues properly 
 before this court for review are the requirement of expert testimony and affidavit 
 to establish the standard of care, and whether the trial court properly granted 
 summary judgment as to the legal malpractice claim.  
I.       Expert Testimony
Hall contends that expert testimony was 
 not required to establish the standard of care for the legal malpractice action 
 against Jones.  She maintains it is common knowledge that an action should be 
 filed before the statute of limitations has run.  We find the issue in this 
 case went beyond the common knowledge of laypersons.  Hence, an affidavit of 
 an expert was necessary to establish the appropriate standard of care.
In South Carolina, the plaintiff in a legal malpractice suit 
 must prove the following four elements:

(1) the existence of an attorney-client relationship;
(2) a breach of duty by the attorney;
(3) damage to the client;  and
(4) proximate cause of the plaintiff's damages by the breach. 

McNair v. Rainsford, 330 S.C. 332, 342, 499 
 S.E.2d 488, 493-94 (Ct. App. 1998); Smith v. Haynsworth, Marion, McKay & 
 Geurard, 322 S.C. 433, 435,  472 S.E.2d 612, 613 (1996).  Additionally, 
 the plaintiff must generally establish the standard of care by expert testimony.  
 Smith, 322 S.C. at 435, 472 S.E.2d at 613; Mali v. Odom, 295 S.C. 
 78, 80, 367 S.E.2d 166, 168 (Ct. App. 1988) (A plaintiff in a legal malpractice 
 case must ordinarily establish by expert testimony the standard of care, unless 
 the subject matter is of common knowledge to laypersons.).
In the instant case, the issue of when 
 to file an action and what type of action to file is more complicated than Hall 
 indicates.  As discussed by M.  Malissa Burnette, Jones expert and a certified 
 specialist in employment and labor law, Jones needed to consider the ramifications 
 of filing an action while Halls nursing license was pending review by the Board.  
 Jones predominant interest was in maintaining Halls nursing license.  
Additionally, Burnette indicated there were several 
 theories under which Hall could proceed in asserting racial discrimination.  
 Burnette stated that several theories could only be asserted against certain 
 defendants and that some theories had a cap on the amount of damages Hall could 
 collect.  Burnette further stated that the only statute under which Hall could 
 have asserted a claim against all defendants in the amount she desired would 
 have been 42 U.S.C. § 1981, and the statute of limitations on that claim did 
 not run until July 30, 2000.  
The combination of considerations in filing 
 a suitwhat type of suit to file, when it was most beneficial to file suit, 
 and against whom the suit could be filedall are beyond the scope of common 
 knowledge held by laypersons.  As such, the common knowledge exception is inapplicable.  
 We agree with the circuit court and find that the general rule requiring the 
 standard of care be properly established by expert testimony applies in this 
 case.  See Smith, 322 S.C. at 435, 472 S.E.2d at 613.  
After Jones submitted the affidavit of Burnette, 
 which established a standard of care and stated it was not breached, the court 
 allowed Hall forty-five days in which to file her own affidavit by an expert.  
 The circuit court went beyond the requirements of the rule in trying to accommodate 
 a pro se plaintiff.  Hall failed to file the requisite affidavit 
 from an expert to establish the standard of care.  
II.      Summary Judgment of Legal Malpractice Claim
Hall contends the trial court erred in 
 granting summary judgment on her claim for legal malpractice.  She alleges that 
 issues of fact exist relating to the duty required, the breach of that duty 
 by Jones, the damages caused by the breach, and whether Jones actions were 
 the proximate cause of the damages.  We disagree.
As discussed above, Hall was required 
 to establish the standard of care by expert testimony to survive summary judgment.  
 As she failed to do so, summary judgment by the circuit court was appropriate.  
 The motion was properly granted in any event.  
Halls primary contention is that Jones 
 failed to file a complaint under Title VII of the Civil Rights Act of 1964, 
 as amended, 42 U.S.C.A. §2000e-2(a)(1), with the Equal Employment Opportunity 
 Commission.  Hall asserts Jones missed the 300-day statute of limitations for 
 filing the claim, and she is now barred. 
First, this issue is not properly preserved 
 for review on appeal.  Hall originally charged that Jones missed a 180-day statute 
 of limitations for filing.  It was not until after the summary judgment hearing, 
 but before receipt of the final order granting the motion, that she first made 
 the claims regarding the 300-day statute of limitations.  As the trial court 
 did not expressly rule on that issue, it is not preserved for our review on 
 appeal.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 
 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first 
 time on appeal, but must have been raised to and ruled upon by the trial judge 
 to be preserved for appellate review.).
Next, Hall fails to demonstrate how she 
 was harmed by Jones failure to file the claim.  Hall had several causes of 
 action still available to her after December 7, 1998, including an action under 
 42 U.S.C. § 1981.  Section 1981 and other tort actions do not have a cap on 
 the damages Hall could collect.  
Jones representation of Hall was terminated 
 in December 1998.  In July 1999, Hall engaged Weeks to represent her in her 
 racial discrimination claims.  She had almost a year before the statute of limitations 
 ran on her claims pursuant to 42 U.S.C. § 1981 and her tort claims.  As such, 
 Jones failure to file claims on Halls behalf would not be the proximate cause 
 of her damages, as she still had viable causes of action available to her.                       

CONCLUSION
Accordingly, we concur with the circuit 
 court and hold that the allegation of attorney malpractice required expert testimony 
 as to the standard of care and deviation from such standard.  We conclude the 
 circuit court properly granted Jones motion for summary judgment.  
AFFIRMED.
ANDERSON, HUFF, and KITTREDGE, JJ., concur. 
 

 
 
 [1]   The trial judge assumed for the purpose of his order that an attorney-client 
 relationship existed.  Therefore, there is no reason for this court to address 
 this issue.

 
 
 [2]   With regard to the breach of contract issue, the arguments in Halls 
 brief are conclusory and fail to cite any supporting authority for the position.  
 As such, we find Hall abandoned the issues on appeal.  See First 
 Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994); Solomon 
 v. City Realty Co., 262 S.C. 198, 201, 203 S.E.2d 435, 436 (1974).  

 
 [3]   With regard to the breach of 
 fiduciary duty claim, Hall appears to be arguing the same issues she argued 
 in relation to her legal malpractice claim.  As such, the issue will be consolidated 
 with the legal malpractice claim.