PER CURIAM: Don L

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals
 

 
 
 
Don L. Bundrick and Ann R. Bundrick,       
Appellants,
 
 
 

v.

 
 
 
East Richland County Public Service District,       
Respondent.
 
 
 

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

Unpublished Opinion No. 2005-UP-225
Submitted February 1, 2005  Filed March 31, 2005

AFFIRMED

 
 
 
Charnell Glenn Peake, of Columbia, for Appellant.
Leslie A. Cotter, Charles E. Carpenter, Jr., S. Elizabeth Brosnan, and Scott Elliott, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Don L. Bundrick and Ann R. Bundrick brought claims against East Richland County Public Service District for improper installation and maintenance of a sewer line and drainage ditch.  The trial court found the statute of repose barred their claims.  We affirm.[1]
FACTS
The District obtained a right of way and easement to construct a sewer line on undeveloped property in 1972.  The District contracted with two companies to install the line.  The construction of the line on the Bundricks future property was completed in October 1972, and construction on the entire line was completed by 1974.  During 1972, the flow of a creek on the property was diverted through an aluminum pipe running perpendicular to the line, though the District denied it or its contractors installed the pipe.  
The Bundricks purchased the property in 1984, and applied for sewer service from the District in 1986.  The Bundricks built a house and moved onto the previously undeveloped land in October 1986.  They soon began to experience trouble with soil erosion and noticed their house developed structural distress.  They surmised the aluminum pipe running near the sewer line caused the difficulties.  The Bundricks sued the District in February 2000.
At trial, the Bundricks asserted their problems were caused by the Districts improper placement of the aluminum pipe near the sewer line.  They further claimed the District failed to properly maintain the pipe.  
The District presented evidence supporting its denial of ownership over the aluminum pipe.  It also presented evidence establishing that neither the District nor its contractors installed the aluminum pipe.  In its answer, the District asserted the statute of repose barred the Bundricks claims and the trial court agreed.  
STANDARD OF REVIEW
In an appeal from a master in equity, this court has the same scope of review as if the appeal was from a circuit court sitting without a jury.  Tiger, Inc. v. Fisher Agro, Inc., 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1990).  A suit based on negligence is an action at law.  Sims v. Hall, 357 S.C. 288, 592 S.E.2d 315 (Ct. App. 2003).  Furthermore, while we may correct errors of law, we must affirm a masters factual findings unless they are without evidentiary support.  Sims, 357 S.C. at 294-95, 592 S.E.2d at 318.  
LAW/ANALYSIS
The Bundricks argue the master erred in finding their claims were barred by the statute of repose.  We disagree.
A.  Statute of Repose
The legislature codified a thirteen-year statute of repose in S.C. Code Ann. section 15-3-640 (2005).  The statute places a bar on actions based on defective improvements to real property.  It reads, in part:

No actions to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property may be brought more than thirteen years after substantial completion of such an improvement.  For purposes of this section, an action based upon or arising out of the defective or unsafe condition of an improvement to real property includes:
. . .
(2)             an action to recover damages for the negligent construction or repair of an improvement to real property;
(3)            an action to recover damages for personal injury, death, or damage to property;
(4)            an action to recover damages for economic or monetary loss;
(5)             an action in contract or tort or otherwise;
. . .
(8)            an action brought against any current or prior owner of the real property or improvement 
. . .
This section describes an outside limitation of thirteen years after the substantial completion of the improvement, within which normal statutes of limitations continue to run.

S.C. Code Ann. § 15-3-640 (2005).
A statute of repose represents an absolute time limit beyond which liability no longer exists.  Langley v. Pierce, 313 S.C. 401, 404, 438 S.E.2d 242, 243 (1993) (quoting First United Methodist Church v. United States Gypsum Co., 882 F.2d 862, 865-66 (4th Cir. 1989)).  The statute is a societal recognition that at some point in the future liability no longer exists.  When causes of action are extinguished after such time, society generally may continue its business and personal relationships in peace, without worry that some cause of action may arise to haunt it because of some long-forgotten act or omission.  Langley, 313 S.C. at 404, 438 S.E.2d at 244 (quoting Kissel v. Rosenbaum, 579 N.E.2d 1322, 1326-28 (Ind. Ct. App. 1991)).  
To further that purpose, a statute of repose, unlike a statute of limitations, cannot be defeated by estoppel, waiver, or claims of tolling.  G&P Trucking v. Parks Auto Sales Svc. & Salvage, Inc., 357 S.C. 82, 89, 591 S.E.2d 42, 45 (Ct. App. 2003).  In short, a statute of repose is a substantive defense that prevents a cause of action from coming into being after a pre-determined period of time.  See Langley, 313 S.C. at 403-04, 438 S.E.2d at 243-44.
The statute of repose applies to the Bundricks action because it is one based upon or arising out of the defective or unsafe condition of an improvement to real property.  The Districts easement is real property.  South Carolina Pipeline Corp. v. Lone Star Steel Co., 345 S.C. 151, 153, 546 S.E.2d 654, 656 (2001) (holding an easement is real property for S.C. Code Ann. section 15-3-640 purposes).  Further, the sewer line is an improvement to that property.  Id. at 154, 546 S.E.2d at 657.
The Bundricks had thirteen years to bring their suit from the date the sewer was completed.  Whether the applicable date to start counting is 1972, when the sewer project was completed on the affected property, or 1974, when the entire project was completed, the Bundricks February 2000 lawsuit was clearly filed beyond the thirteen-year deadline and is, therefore, barred by the statute of repose.  
B.  Ownership Exception
The Bundricks argue the statute of repose is inapplicable because the District is in possession of the improvement complained of.  In support of their argument, they cite to S.C. Code Ann. section 15-3-670, which codifies the ownership exception as follows:

[The statute of repose] may not be asserted as a defense by any person in actual possession or control, as owner, tenant, or otherwise, of the improvement at the time the defective or unsafe condition constitutes the proximate cause of the injury or death for which it is proposed to bring an action, in the event such person in actual possession or control knows, or reasonably should have known, of the defective or unsafe condition. 

S.C. Code Ann. § 15-3-670 (2005).
There is no dispute the District owns the easement, which is real property.  The District acknowledges its ownership of the sewer lines.  However, the District presented evidence at trial that denied it or its contractors installed or owned the aluminum pipe.  
It is the aluminum pipe that is the improvement alleged to have caused the Bundricks damages.  Therefore, it is the ownership of the defective aluminum pipe that would trigger the section 15-3-670 exception.  Only if the District owned the aluminum pipe would it be barred from asserting the statute of repose as a defense.  
In finding against the Bundricks, the master rejected their argument that the District owned the aluminum pipe, which they allege was the culprit.  There is evidence in the record to support the masters conclusion that the District did not own the defective aluminum pipe.  Accordingly, the District is not barred by section 15-3-670 from asserting the statute of repose as a defense.
C.  Gross Negligence Exception
Finally, the Bundricks assert the District may not avail itself of the statute of repose because it was grossly negligent.  We disagree.
S.C. Code Ann. section 15-3-670 prohibits defendants from using the statute of repose if they engaged in grossly negligent conduct.  Simple negligence is the failure to exercise due care, while gross negligence is the failure to exercise slight care.  Clyburn v. Sumter County Sch. Dist. No. 17, 317 S.C. 50, 53, 451 S.E.2d 885, 887 (1994) (citations omitted).  
The exception contained in the statute of repose, by its strict terms, applies to grossly negligent conduct in connection with the construction of the improvement.  There is no evidence in the record that the sewer line itself was constructed in a negligent manner.  The fact that there was no complaint for a period in excess of fourteen years following the completion of this portion of the line belies an assertion of even simple negligence, much less gross negligence.
 AFFIRMED.
 GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.