**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Marjorie Cato Burton as Trustee of the Sloan Marvin Burton and Marjorie Cato Burton, AB Living Trust by and through David A. Burton as Attorney-in-Fact, Individually and in the right and on behalf of T.E. Cato Estate, LLC, Appellant,

v.

Carroll M. Pitts, Jr., Esq. and Robinson Bradshaw & Hinson, P.A., Respondents.

Appellate Case No. 2015-001053

———————————

Appeal From York County
John C. Hayes, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-165
Heard February 6, 2018 – Filed April 18, 2018

———————————

**AFFIRMED**

———————————

Matthew B. Rosbrugh, of MBR Law, LLC, of Columbia, for Appellant.

Samuel W. Outten, of Nelson Mullins Riley & Scarborough, LLP, of Greenville, and C. Mitchell Brown, A. Mattison Bogan, and Blake T. Williams, of

Nelson Mullins Riley & Scarborough, LLP, of Columbia, all for Respondents.

---

**PER CURIAM:**  Marjorie Cato Burton, as Trustee of the Sloan Marvin Burton and Marjorie Cato Burton, AB Living Trust by and through David A. Burton as Attorney-in-Fact, Individually and in the right and on behalf of T.E. Cato Estate, LLC (the Trust), appeals from the trial court's entry of judgment for Carroll M. Pitts, Jr. and Robinson Bradshaw & Hinson, P.A. (Respondents).  The Trust argues, *inter alia*, the trial court erred in finding although Respondents committed professional negligence, there were no proximately caused damages.  We affirm.

1.      We find evidence supports the trial court's finding that Respondents' breach of duty did not proximately cause injury to the Trust.  First, we find the legal fees incurred in the partition action were not caused by Respondents' breach of duty. *See RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 331, 732 S.E.2d 166, 170 (2012) ("A plaintiff in a legal malpractice action must establish four elements: (1) the existence of an attorney-client relationship, (2) a breach of duty by the attorney, (3) damage to the client, and (4) proximate causation of the client's damages by the breach."); *Sims v. Hall*, 357 S.C. 288, 298, 592 S.E.2d 315, 320 (Ct. App. 2003) ("Proximate cause requires proof of causation in fact and legal cause."); *Bramlette v. Charter-Medical-Columbia,* 302 S.C. 68, 72, 393 S.E.2d 914, 916 (1990) ("Causation in fact is proved by establishing the injury would not have occurred 'but for' the defendant's negligence.").  As specified in her November 30, 2007 email, Marjorie Burton refused to sign the quitclaim deed because of financial considerations for the benefit of the Trust and/or Burton, such as extra compensation from the sale due to Burton's higher capital gains tax rate compared to other heirs and reimbursement for previously managing the property if another heir was reimbursed for subsequently managing the property.  Second, there is evidence in the record that the property sold at appraised value; thus, there was no diminution in value as argued by the Trust. *See McNair v. Rainsford*, 330 S.C. 332, 349, 499 S.E.2d 488, 497 (Ct. App. 1998) ("Ordinarily, the question of proximate cause is one of fact . . . ."); *Lollis v. Dutton*, 421 S.C. 467, 483, 807 S.E.2d 723, 731 (Ct. App. 2017) ("In a bench trial, the judge, as the finder of fact, may believe all, some, or none of the testimony, even when it is not contradicted."); *Jordan v. Judy*, 413 S.C. 341, 347−48, 776 S.E.2d 96, 100 (Ct. App. 2015) ("On appeal of an action at law tried without a jury, we will not disturb the trial court's findings of fact unless no evidence reasonably supports the findings.").  There was evidence of an appraisal at the time of the sale at

approximately the same amount as the sales price. Accordingly, we agree with the trial court that Respondents' breach of duty did not proximately cause injury to the Trust.

2. Because the foregoing issue is dispositive, we decline to address the Trust's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding the appellate court need not address appellant's remaining issues when its disposition of prior issues is dispositive).

**AFFIRMED.**

**SHORT, THOMAS, HILL, JJ., concur.**