713 S.E.2d 335

**ITC COMMERCIAL FUNDING, LLC, a Delaware
Limited Liability Company, Respondent,**

v.

**Alice CRERAR, Appellant.**

No. 4844.

Court of Appeals of South Carolina.

Heard Feb. 8, 2011.
Decided June 15, 2011.

488

Milton M. Avrett, III, of Augusta, for Appellant.

Clay Stebbins, III, and James S. Murray, both of Augusta, for Respondent.

LOCKEMY, J.

Alice Crerar appeals the trial court's denial of her motion to set aside a default judgment in favor of ITC Commercial Funding, LLC (ITC). We affirm.

## FACTS

In 2001, BCC Management Group, LLC (BCC), a company owned by John Crerar and his son, Duncan Crerar, purchased an ice skating rink in Augusta, Georgia. In 2006, John Crerar became seriously ill, and Duncan Crerar took over management of the ice rink. On August 25, 2006, counsel for ITC visited John Crerar's hospital room and presented a promissory note (the note) for his signature. The $1,990,000 note was to secure funds to refinance BCC's Bank of America loan on the skating rink.[1] After John Crerar signed the note, his wife (the Appellant), who was present in his hospital room, executed a guaranty of the note in favor of ITC.

John Crerar died in October 2006, and his interest in BCC was transferred to a revocable trust of which the Appellant was the trustee. In August 2007, Duncan Crerar negotiated a one-year extension of the note and the Appellant consented to the extension. In November 2007, BCC became delinquent on the note, and a notice of default was mailed to Duncan Crerar. On May 23, 2008, ITC sent the Appellant and her attorney, John West, a second notice of default and demanded immediate payment of the full amount owed on the loan.

On June 20, 2008, ITC filed a complaint seeking judgment against the Appellant on her guaranty of the note. A summons was mailed to the Appellant's home. On June 30, 2008, after negotiations between West and ITC's counsel, Alice Crerar paid ITC $147,664.28. After the loan matured on August 31, 2008, ITC and its counsel entered into negotiations with West, which resulted in a September 24, 2008 letter agreement. This agreement provided the Appellant would pay ITC $87,388.13, which included amounts owed for taxes, legal fees, and interest payments, by September 30, 2008. The agreement further provided that ITC would delay the payment date on the note until December 31, 2008, provided the Appellant acknowledge service of the action against her. West mailed a copy of the letter agreement to the Appellant and stated, "I will not be able to represent you in the South Carolina lawsuit since I am not admitted to practice before the courts of that State." According to the Appellant, she does

---

1. The note was modified in August 2007, and the loan amount was increased to $2,064,625.

not remember receiving the letter. The Appellant paid ITC $87,388.13 pursuant to the parties' agreement; however, she failed to acknowledge service. On October 13, 2008, the Aiken County Sherriff's Department served the Appellant with ITC's complaint at her home. The Appellant filed no responsive pleading.

When the note was not paid in full on December 31, 2008, ITC notified the Appellant through West that it intended to proceed with its case against her, and made an additional loan extension proposal as an alternative. West sent a certified copy of the letter to the Appellant, and she acknowledged receipt. West informed the Appellant in the letter for the second time that he could not represent her in South Carolina. After no further funds were received, ITC filed a request for entry of default and motion for default judgment against the Appellant on March 12, 2009. The Appellant was served by mail at her home, and she did not respond. On April 7, 2009, the trial court granted ITC's motion for default judgment against the Appellant in the amount of $2,172,955.38.

In May 2009, the Appellant filed a motion for relief from judgment, citing Rules 54, 55, and 60, SCRCP. ITC consented to a reduction in certain attorney's fees and charges included in the default judgment, which resolved the Appellant's complaints based on Rules 54 and 55, SCRCP. At the hearing, the Appellant's counsel admitted the Appellant was negligent in failing to answer the suit. However, the Appellant's counsel argued the default judgment should be set aside because of the negligence of West and ITC. The trial court denied the Appellant's motion, finding she was "not entitled to relief from the judgment on account of negligence of her own counsel, that there was no misconduct by [ITC] or its counsel, and that under the standard of Rule 60(b), [the Appellant] was not entitled to relief." This appeal followed.

## STANDARD OF REVIEW

"The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial [court]." *Roberson v. S. Fin. of S.C., Inc.*, 365 S.C. 6, 9, 615 S.E.2d 112, 114 (2005). "The trial court's decision will not be disturbed on appeal absent a clear

showing of an abuse of that discretion." *Id.* An abuse of discretion occurs when the judgment is controlled by some error of law or when the order, based upon factual, as distinguished from legal, conclusions, is without evidentiary support. *Id.*

## LAW/ANALYSIS

### I. West's September 24, 2008 Letter

■ The Appellant argues the trial court erred in finding West's September 24, 2008 letter sufficiently advised her that West could not represent her in the present action. We disagree.

In its order and modification of default judgment, the trial court determined West clearly notified the Appellant that he could not represent her because he was not licensed to practice law in South Carolina. The trial court found that although the Appellant maintained she did not remember receiving West's letter, the evidence established the letter was properly addressed and sent by U.S. Mail to the Appellant and she failed to show it was not received.

The Appellant argues West represented her in default negotiations for one year, and she had the right to assume he would continue to represent her. The Appellant contends that considering her age and inexperience in legal matters, West's letter should have contained an explanation of the risks regarding his limited representation. She also maintains West should have discussed his representation with her personally and in the presence of a family member or family attorney, and obtained a response from her to ensure she understood his inability to represent her. The Appellant contends the trial court erred in failing to consider Rule 1.2 of the Rules of Professional Conduct (RPC), Rule 407, SCACR.

Pursuant to Rule 1.2(c), RPC, "[a] lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent." Informed consent "denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated reasonably adequate information and explanation about the material risks of and reasonably available alternatives to

the proposed course of conduct." Rule 1.0(g), RPC. Comment 6 to Rule 1.0, RPC, provides:

> A lawyer need not inform a client or other person of facts or implications already known to the client or other person; nevertheless, a lawyer who does not personally inform the client or other person assumes the risk that the client or other person is inadequately informed and the consent is invalid. In determining whether the information and explanation provided are reasonably adequate, relevant factors include whether the client or other person is experienced in legal matters generally and in making decisions of the type involved, and whether the client or other person is independently represented by other counsel in giving the consent.

Comment 7 to Rule 1.0, RPC, states:

> Obtaining informed consent will usually require an affirmative response by the client or other person. In general, a lawyer may not assume consent from a client's or other person's silence. Consent may be inferred, however, from the conduct of a client or other person who has reasonably adequate information about the matter.

ITC takes no position regarding the RPC, and maintains it is a matter between the Appellant and West. ITC argues West's September 24, 2008 letter regarding his representation of the Appellant does not amount to a willful abandonment of the Appellant. ITC maintains that even assuming West did willfully abandon the Appellant, she is not excused from failing to take action in response to West's letters or ITC's complaint and default judgment motion.

We find the trial court did not abuse its discretion in finding West's letter to the Appellant sufficiently advised her that West could not represent her. While the Appellant maintains she is entitled to relief from judgment because she did not give West her informed consent pursuant to Rule 1.2(c), RPC, we note our supreme court determined "the failure to comply with the RPC should not ... be considered as evidence of negligence per se." *Smith v. Haynsworth, Marion, McKay & Geurard,* 322 S.C. 433, 437 n. 6, 472 S.E.2d 612, 614 n. 6 (1996); *see also* Preamble to RPC, Rule 407, SCACR (stating a "[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption

in such a case that a legal duty has been breached"). In *Smith*, the supreme court concurred with the majority of jurisdictions and held that

in appropriate cases, the RPC may be relevant and admissible in assessing the legal duty of an attorney in a malpractice action. However, we adopt the view taken by the Supreme Court of Georgia in *Allen v. Lefkoff, Duncan, Grimes & Dermer*, 265 Ga. 374, 453 S.E.2d 719, 721–22 (1995), as follows:

[t]his is not to say, however, that all of the Bar Rules would necessarily be relevant in every legal malpractice action. In order to relate to the standard of care in a particular case, we hold that a Bar Rule must be intended to protect a person in the plaintiff's position or be addressed to the particular harm.

*Id.* at 437, 472 S.E.2d at 614. The *Smith* court noted an attorney's failure to comply with the RPC was "merely a circumstance that, along with other facts and circumstances, may be considered in determining whether the attorney acted with reasonable care in fulfilling his legal duties to a client." *Id.* at 437 n. 6, 472 S.E.2d at 614 n. 6.

Here, the record contains evidence West acted with reasonable care in informing the Appellant he could not represent her. In two letters to the Appellant, West clearly explained he was not authorized to practice law in South Carolina, and the Appellant needed to find new counsel. Because the trial court was not required to consider the RPC in determining whether West acted with reasonable care, we find the trial court did not abuse its discretion in determining West's letter sufficiently limited his representation of the Appellant.

## II. Imputation of Negligence

The Appellant argues the trial court erred in finding West's negligence was imputed to the Appellant. In its order, the trial court cited *Mitchell Supply Co. v. Gaffney*, 297 S.C. 160, 163–64, 375 S.E.2d 321, 323 (Ct.App.1988), wherein this court held the negligence of an attorney is ordinarily imputed to the client. The trial court further stated, "[t]he court finds no reason that any negligence of [the Appellant's] counsel in this matter should not be imputed to [the Appellant]." Although

the trial court cited cases regarding the imputation of negligence, it failed to make any specific findings of negligence by West and impute those findings to the Appellant. Accordingly, because the trial court did not impute any negligence to the Appellant, we do not consider the Appellant's argument that the trial court erred in imputing negligence to her.

### III. Relief under Rule 60(b)(1), SCRCP

■ The Appellant argues the trial court's errors of law resulted in its finding she failed to prove mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1), SCRCP. We disagree.

In *Sundown Operating Co. v. Intedge Industries, Inc.,* 383 S.C. 601, 608, 681 S.E.2d 885, 888 (2009), our supreme court held "[t]he standard for granting relief from a default judgment under Rule 60(b) is more rigorous than the 'good cause' standard established in Rule 55(c)." The supreme court further noted relief from default judgment under Rule 60(b), SCRCP, "requires a more particularized showing of mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation, or 'other misconduct of an adverse party.'" *Id.* (quoting Rule 60(b), SCRCP).

Here, the trial court noted in its order that the Appellant's counsel conceded at the hearing that the Appellant was negligent, and the trial court found her negligence was not excusable within the meaning of Rule 60(b), SCRCP. The trial court held that although the Appellant may have had good cause to set aside the entry of default under Rule 55, SCRCP, she did not meet the standards established by Rule 60(b), SCRCP, to set aside the judgment.

The Appellant argues she demonstrated a particularized showing of mistake, inadvertence, and excusable neglect to the trial court, and thus, she was entitled to relief from judgment under Rule 60(b)(1), SCRCP. The Appellant maintains her failure to file an answer after being served was excusable under the following circumstances: (1) her age and mental state prevented her from understanding the situation, (2) she thought the loan was current, (3) she was not aware of the lawsuit, (4) she believed she was still represented by West, and (5) she had no experience working with attorneys.

We find the trial court did not abuse its discretion in finding the Appellant's negligence in failing to answer ITC's complaint was not excusable under Rule 60(b), SCRCP. We also find the Appellant failed to identify any errors of law made by the trial court. The record reflects the Appellant was properly served with ITC's summons and complaint at her home by the sheriff's department. Moreover, West notified the Appellant in a certified letter, to which she acknowledged receipt, that ITC intended to proceed with its suit against her and that he could not represent her. The Appellant also failed to show through medical testimony that she had a diminished capacity or that ITC and its counsel engaged in any misleading conduct. ITC properly served the Appellant with its complaint and subsequently with its motion for default judgment and amended motion for default judgment.

## IV. Meritorious Defenses

The Appellant argues she has meritorious defenses to justify relief from the default judgment. We need not address this issue.

■ "[A] meritorious defense is more than merely a factor to consider under certain 60(b) grounds for setting aside default judgments." *McClurg v. Deaton*, 380 S.C. 563, 574, 671 S.E.2d 87, 93 (Ct.App.2008).

> [O]ur courts have held that in order to obtain relief from a default judgment under Rule 60(b)(1) or 60(b)(3), not only must the movant make a proper showing he is entitled to relief based upon one of the specified grounds, he must also make a prima facie showing of a meritorious defense. . . . [A] meritorious defense need not be perfect nor one which can be guaranteed to prevail at a trial. It need be only one which is worthy of a hearing or judicial inquiry because it raises a question of law deserving of some investigation and discussion or a real controversy as to real facts arising from conflicting or doubtful evidence.

*Id.* at 574–75, 671 S.E.2d at 93–94 (internal quotation marks and citations omitted). The party seeking to set aside the judgment "has the burden of presenting evidence proving the facts essential to entitle him to relief." *Id.* at 575, 671 S.E.2d at 94.

The Appellant contends she has the following meritorious defenses to justify relief under Rule 60(b), SCRCP: (1) she was in a state of shock and extreme grief at the time she signed the guaranty, (2) she did not understand what she was signing, (3) she was given no consideration for signing the guaranty, and (4) the note may not be in default. Having concluded the trial court did not abuse its discretion in finding the Appellant was not entitled to relief on any of the grounds specified in Rule 60(b), SCRCP, we need not address whether the Appellant has a meritorious defense. *See id.* at 574–75, 671 S.E.2d at 93–94; *see also Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

## CONCLUSION

The trial court's denial of the Appellant's motion to set aside default judgment is

**AFFIRMED.**

WILLIAMS and GEATHERS, JJ., concur.