**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jane RM Doe, Respondent,

v.

Omar Jaraki, Halla Jaraki, Cardiology & Arrhythmia Consultants, Cardiology and Arrhythmias Consultant, Institute of Electrophysiology, P.C., Defendants,

Of whom Omar Jaraki and Halla Jaraki are the Appellants.

Appellate Case No. 2012-212373

---

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-444
Heard November 6, 2013 – Filed November 27, 2013

---

**AFFIRMED**

---

William Isaac Diggs, of Law Office of William Isaac Diggs, of Myrtle Beach, for Appellants.

O. Fayrell Furr, Jr., of Furr & Henshaw, of Myrtle Beach, and John S. Nichols, of Bluestein, Nichols, Thompson & Delgado, LLC, of Columbia, for Respondent.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *ITC Commercial Funding, LLC v. Crerar*, 393 S.C. 487, 494, 713 S.E.2d 335, 339 (Ct. App. 2011) (holding that relief from default judgment under Rule 60(b), SCRCP, requires a particularized showing of mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation, or other misconduct of an adverse party); *Williams v. Watkins*, 384 S.C. 319, 324, 681 S.E.2d 914, 916 (Ct. App. 2009) ("An abuse of discretion arises where the judgment is controlled by an error of law or is based on factual conclusions that are without evidentiary support." (citation omitted)); *McClurg v. Deaton*, 380 S.C. 563, 573, 671 S.E.2d 87, 93 (Ct. App. 2008), *aff'd,* 395 S.C. 85, 716 S.E.2d 887 (2011) (holding that in deciding whether to set aside a default judgment under Rule 60(b), the trial judge should consider (1) the promptness with which relief is sought; (2) the reasons for the failure to act promptly; (3) the existence of a meritorious defense; and (4) the prejudice to the other parties); *Stark Truss Co., Inc. v. Superior Constr. Corp.*, 360 S.C. 503, 508, 602 S.E.2d 99, 101 (Ct. App. 2004) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial judge." (citations omitted)); *id.* (holding that the decision of whether to set aside a default judgment will not be reversed absent an abuse of discretion); *Hill v. Dotts*, 345 S.C. 304, 310, 547 S.E.2d 894, 897 (Ct. App. 2001) ("Lack of familiarity with legal proceedings is unacceptable and the court will not hold a layman to any lesser standard than is applied to an attorney."); *id.* ("[F]ailure to understand the legal process is not excusable neglect under Rule 60(b).").

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**