**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Margaret Carr, Respondent,

v.

TW Graham and Company LLC, Appellant.

Appellate Case No. 2018-001738

———————

Appeal From Charleston County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-108
Submitted March 1, 2021 – Filed April 7, 2021

———————

**AFFIRMED**

———————

Dennis E. O'Neill, of O'Neill Law Firm, LLC, and
Charles Mac Gibson, Jr., both of Mt. Pleasant, for
Appellant.

Jarrel L. Wigger and Brice Eugene Ricker, both of the
Wigger Law Firm, of North Charleston, for Respondent.

———————

**PER CURIAM:** TW Graham and Company, LLC (Graham) appeals the denial of
its motion to set aside a default judgment. Graham argues the circuit court erred in
(1) finding it had personal jurisdiction over Graham such that the default judgment
was not void under Rule 60(b)(4) of the South Carolina Rules of Civil Procedure

and (2) denying Graham's motion to set aside the default judgment under Rule 60(b), SCRCP.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The court did not err in finding it had personal jurisdiction over Graham to enter the default judgment.  *See* S.C. Code Ann. § 33-44-111(b) (2006) ("If . . . an agent for service of process cannot with reasonable diligence be found at the agent's address, the Secretary of State is an agent . . . upon whom process . . . *may* be served." (emphasis added)); S.C. Code Ann. § 15-9-710(2)-(3) (2005) (providing that service by publication of the summons may be permitted in the following cases: "(2) "when the defendant, being a resident of this State, . . . with intent to . . . avoid the service of a summons[,] . . . keeps himself concealed therein . . . ; [and] (3) "when the defendant is a resident of this State and after a diligent search cannot be found"); S.C. Code Ann. § 15-9-710 (2005) (providing that "the court or judge thereof, the clerk of the court of commons pleas, the master, or the probate judge" must also determine that "the person on whom the service of the summons is to be made cannot, after due diligence, be found within the State and . . . that fact appears by affidavit to the satisfaction of the [court, judge, clerk of court, or master]"); *Diligence, Black's Law Dictionary* (11th ed. 2019) (defining "due diligence" as "[t]he diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation").  The process server's affidavit of non-service was sufficient to support the circuit court's grant of the order of service by publication.  *See Dow v. Bolden*, 245 S.C. 321, 329, 140 S.E.2d 473, 477 (1965) (stating that a prior version of section 15-9-710 "does not specify the character of the facts and circumstances which must be stated in the affidavit, or the quantity of the evidence necessary to satisfy the officer, before ordering publication" (quoting *Yates v. Gridley*, 16 S.C. 496, 500-01 (1882))); *Caldwell v. Wiquist*, 402 S.C. 565, 574, 741 S.E.2d 583, 588 (Ct. App. 2013) ("[T]he affidavit [of non-service] must include some factual basis upon which the court issuing the order of service by publication can find that the defendant['s agent] cannot, after due diligence, be found within the state.").[1]  Thus, the circuit court had personal jurisdiction over Margaret Carr's action against

---

[1] Graham also argues, for the first time on appeal, that the order of service by publication was "defective" under section 15-9-740 of the South Carolina Code (Supp. 2020).  We decline to consider this issue because it is not preserved for review by this court.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

Graham.  *See BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 503 (2006) ("A court generally obtains personal jurisdiction by the service of a summons.").

2.  The circuit court did not err in denying Graham's motion to set aside the default judgment under Rule 60(b), SCRCP.  *See Fassett v. Evans*, 364 S.C. 42, 49, 610 S.E.2d 841, 845 (Ct. App. 2005) ("[T]he power to set aside a default judgment is addressed to the sound discretion of the trial court whose decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion.").  We note Graham failed to assert any Rule 60(b) ground for relief from the default judgment on appeal; accordingly, we affirm the circuit court's denial of Graham's Rule 60(b) motion.  *See* Rule 60(b), SCRCP (stating the five grounds upon which a court a may rely to relieve a party from a final judgment are "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released, or discharged, . . . or it is no longer equitable that the judgment should have prospective application"); *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 608, 681 S.E.2d 885, 888 (2009) (providing that relief from default judgment under "Rule 60(b) *requires* a . . . particularized showing of mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation, or 'other misconduct of an adverse party'" (emphasis added) (quoting Rule 60(b), SCRCP)); *Mictronics, Inc. v. S.C. Dep't of Revenue*, 345 S.C. 506, 510-11, 548 S.E.2d 223, 226 (Ct. App. 2001) ("In determining whether to grant a motion under Rule 60(b), the trial [court] should [also] consider: (1) the promptness with which relief is sought, (2) the reasons for the failure to act promptly, (3) the existence of a meritorious defense, and (4) the prejudice to the other party."); *ITC Com. Funding v. Intedge Indus., Inc.*, 393 S.C. 487, 496, 713 S.E.2d 335, 339-340 (Ct. App. 2011) (declining to consider the four Rule 60(b) factors because the appellant was not entitled to relief on any of the grounds specified in Rule 60(b)).

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.