**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kacey Green and Charinrath Green, Appellants-Respondents,

v.

Mervin Lee Johnson, Respondent-Appellant.

Appellate Case No. 2020-001254

———————

Appeal From Orangeburg County
James B. Jackson, Jr., Master-in-Equity

———————

Unpublished Opinion No. 2024-UP-024
Heard October 10, 2023 – Filed January 17, 2024

———————

**AFFIRMED IN PART AND VACATED IN PART**

———————

Edgar Mason West, of West Law Firm, LLC, of Moncks Corner; and Charles H. Williams, David Reynolds Williams, and Virginia Watson Williams, all of Williams & Williams, of Orangeburg, all for Appellants-Respondents

Todd Russell Flippin, of Holcombe Bomar, PA, and A. Walker Barnes, of Boulier Thompson & Barnes, LLC, both of Spartanburg, for Respondent-Appellant.

———————

**PER CURIAM:**  In this default judgment case, Kacey Green and Charinrath Green (the Greens) appeal the master-in-equity's (the master's) order granting Mervin Lee Johnson's Rule 59(e), SCRCP, motion in part and reducing the damages awarded to them in a default judgment (the Amended Damages Order). The Greens argue the master erred in (1) hearing Johnson's Rule 59(e) motion, (2) considering new evidence presented by Johnson at the Rule 59(e) motion hearing, and (3) misapplying *McClurg v. Deaton*[1] when concluding justification for relief from default judgment existed.  Johnson cross-appeals the master's order denying his motion to dismiss, or, in the alternative, to set aside the entry of default and damages and the Amended Damages Order, arguing the master erred in failing to grant relief from default judgment because (1) the Greens' counsel's made misrepresentations to Johnson's insurer before filing suit, (2) the Greens' counsel's pre-suit conduct resulted in surprise or excusable neglect, (3) the damages awarded included previously satisfied and released claims, and (4) Johnson established a meritorious defense to the damages awarded.  We affirm the master's denial of Johnson's motion to set aside the default and vacate the Amended Damages Order.

## FACTS AND PROCEDURAL HISTORY

On February 28, 2018, Johnson and the Greens were involved in a car accident on Interstate 26 when Johnson, a tractor-trailer driver employed by CDS Transport, Inc. (CDS Transport), collided with the back of the Greens' vehicle three times. On January 11, 2019, the Greens filed a complaint alleging causes of action against Johnson for negligence and loss of consortium.  The Greens filed an affidavit attesting Johnson was personally served with the complaint on January 26, 2019, at his mother's home where he also resided.  Johnson failed to timely answer, and a default order was entered on March 8, 2019.  Following the damages hearing, an order awarding the Greens $1,760,00.00 (the Damages Order) was entered on June 5, 2019.

On June 17, 2019, Johnson filed a motion to dismiss, or, in the alternative, to set aside default pursuant to Rules 55(c) and 60, SCRCP.  Johnson's motion to set

---

[1] 380 S.C. 563, 573, 671 S.E.2d 87, 92-93 (Ct. App. 2008) (holding employer and employee met the  surprise or excusable neglect requirement under Rule 60(b)(1) when the plaintiffs had negotiated with the employer and employee's insurer, sent the insurer a draft complaint naming the employer and employee as defendants, and stated they would send insurer a copy of the complaint but brought suit against only the employee without informing the insurer or employer), *aff'd*, 395 S.C. 85, 716 S.E.2d 887 (2011).

aside the default argued the Greens did not properly serve their complaint, that his failure to answer the complaint in a timely manner was based on excusable neglect, and the Damages Order was disproportionate to the actual damages suffered. On October 17, 2019, four months after filing his motion to set aside the default and the default judgment and four days prior to the hearing, Johnson filed the affidavits of Breeann Richardson, claims administrator for CDS Transport, and Nikole Shields, a senior claims consultant for Claims Direct Access (CDA), the claims-handling agent of Johnson's insurer. The affidavits both stated CDA spoke with the Greens' counsel and engaged in settlement negotiations on July 23, 2018, and that CDS Transport and CDA received a video of the accident and a settlement demand on August 7, 2018. The affidavits further stated the Greens did not inform CDS Transport or CDA of the action against Johnson at any point prior to June 7, 2019. The affidavits additionally stated Johnson had been diagnosed with a heart condition and underwent open heart surgery in November 2018, which kept him out of work, and noted he was diagnosed with diabetes in June 2019. The master held a hearing on Johnson's motion on October 21, 2019, but the hearing was not recorded or transcribed.

On November 4, 2019, the master issued an order denying Johnson's motion to set aside the default. The master analyzed the motion under Rules 55 and 60, SCRCP. First, the master found the affidavits did not present good cause to set aside the default judgment. The master stated the insurer did not have standing to argue the default judgement should be set aside when it was not a party to the case. Further, the master found Johnson failed to satisfy the requirements to set aside default judgment under Rule 60(b), SCRCP, because he did not present a meritorious defense to liability. The master concluded Johnson's argument regarding disproportionate damages did not amount to a meritorious defense per *McClurg*. On November 14, 2019, Johnson filed Rule 59(e), SCRCP, motion, requesting that the master alter or amend the order denying his motion to set aside the default. The master held a hearing on this motion on July 13, 2020.

At the hearing, Johnson argued the master erred in denying his motion to set aside the default because his insurer had a reasonable expectation it would be notified if any lawsuit arose out of the accident based on the Greens' counsel's conduct. Johnson presented evidence in support of his Rule 59(e) motion—including correspondence between the Greens' counsel and CDA, evidence of a subrogation claim for the Greens' property damages, and a photograph of the Greens' car after the accident—that he had not presented with his motion to set aside the default and was not provided to the master or the Greens prior to the hearing. The correspondence between the Greens' counsel and CDA included a March 28, 2018

letter stating the Greens' counsel would submit the appropriate demand after receiving the Greens' medical records, a July 5, 2018 letter that included a summary of the costs the Greens' incurred from the accident and stated counsel trusted the insurer "will include values for these factors in [its] determination of a reasonable settlement figure," and a July 24, 2018 letter that stated he recommended a settlement of $192,390 to the Greens. Citing *McClurg* and *Edwards v. Ferguson*,[2] Johnson asserted the master erred in finding the insurer had no standing to challenge the entry of default and that the affidavits presented did not support his request to set aside the default judgment under Rule 60(b), SCRCP. He also contended the master erred in finding *McClurg* barred his argument that a meritorious defense existed as to damages. Johnson stated that unlike in *McClurg*, he preserved his argument regarding a meritorious defense to damages by including it in his motion to set aside the default and Rule 59(e) motion. He further asserted that the affidavits he submitted were evidence of a meritorious defense, citing *Williams v. Carpenter*.[3] Johnson also argued a property subrogation claim settled the Greens' property damages claims, and therefore the master erred in awarding $10,000 in property damages.

The Greens argued Johnson's Rule 59(e) motion was improper because it allowed him to reargue the issues he raised in his motion to set aside the default, and his only remedy after the master denied that motion was an appeal. They further argued *McClurg* did not apply to this case because Johnson failed to present any evidence of excusable neglect or explanation for his failure to answer the complaint. The Greens also contended *McClurg* did not require them to notify Johnson's insurer that they planned to file a complaint and Johnson had no meritorious defense to liability. The Greens argued that the subrogation claim did not represent the full extent of the Greens' property damage and was not the final settlement of their property damages. The Greens' counsel did not recall if they assigned their rights to collect on property damages to the insurer when they settled the subrogation claim.

---

[2] 254 S.C. 278, 175 S.E.2d 224 (1970) (finding the circuit court abused its discretion in failing to set aside the default judgment when the insurer was involved in ongoing settlement negotiations with a plaintiff but was not informed that the defendant has been served with a summons and complaint until after the default judgment was entered).

[3] 273 S.C. 339, 341, 256 S.E.2d 316, 317 (1979) (finding an affidavit from defendant's counsel that indicated the existence of a meritorious defense constituted a prima facie showing of a meritorious defense).

Johnson then argued that although the Greens' counsel did not promise to give the insurer a copy of the pleadings, he believed that—pursuant to *McClurg*—the insurer had a reasonable expectation it would be notified of any lawsuit arising out of the accident based on the Greens' counsel's conduct in attempting to negotiate a settlement.

The master requested a proposed order from Johnson and allowed the Greens to submit a brief on their arguments opposing Johnson's Rule 59(e) motion. The Greens' counsel submitted a proposed order denying Johnson's Rule 59(e) motion to the master in lieu of a brief. The proposed order stated "the court rejects the presentation of new evidence by [Johnson] in his 59(e) motion. [Johnson] cannot present new issues on a 59(e) that he could have raised prior to judgment but did not." The Greens' proposed order also stated Johnson's Rule 59(e) motion was untimely, but even if it were timely, Johnson presented no good cause for failing to answer the complaint and could not satisfy the requirements to set aside the default judgment pursuant to Rule 60(b).

Thereafter, the master issued the Amended Damages Order, in which he withdrew the Damages Order and reduced the Greens award to $250,000. Considering the evidence presented at the Rule 59(e) motion hearing, the master found Johnson was entitled relief from default judgment under Rule 60(b)(1) and *McClurg*. The master declined to "conclude that [the Greens'] counsel engaged in any intentional misconduct," and he therefore found relief was not justified for fraud, misrepresentation, or misconduct under Rule 60(b)(3), SCRCP. The master found Johnson's appearance in the action within ten days of the default judgment, his meritorious defense to the damages awarded, and the prejudice Johnson would suffer from the disproportionate damages award weighed in favor of a reduction of the damages awarded. The master did not alter his finding that Johnson failed to present a meritorious defense to liability.

The Greens filed a timely motion to reconsider, which the master denied. This cross-appeal followed.

**THE GREENS' ISSUES ON APPEAL**

1. Did the master err in considering Johnson's Rule 59(e), SCRCP motion?

2. Did the master err in considering new evidence presented by Johnson at the hearing on his Rule 59(e) motion?

3. Did the master misapply *McClurg v. Deaton* in determining that Johnson had met the surprise or excusable neglect requirement of Rule 60(b)(1), SCRCP?

**JOHNSON'S ISSUES ON APPEAL**

1.  Did the master err in failing to grant relief from default judgment under Rule 60(b), SCRCP?

2.  Did the master err in failing to find Johnson established a meritorious defense to the damages award?

**STANDARD OF REVIEW**

"The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the [circuit court]." *Sundown Operating Co., Inc. v. Intedge Indus., Inc.*, 383 S.C. 601, 606, 681 S.E.2d 885, 888 (2009). "The [circuit] court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion." *Id.* "An abuse of discretion occurs when the circuit court issuing the order was controlled by some error of law" or when an order based on factual conclusions is without evidentiary support. *Id* at 607, 681 S.E.2d at 388.

**THE GREEN'S APPEAL**

The Greens argue the master erred by reducing the damages award based on Johnson's Rule 59(e), SCRCP, motion because his motion was untimely. Specifically, they argue Johnson's Rule 59(e) motion, which was filed November 14, 2019, challenged the Damages Order, which was filed June 5, 2019, instead of the motion to set aside the default.

We hold the master did not err in considering Johnson's Rule 59(e) motion. *See Sundown Operating Co*, 383 S.C. at 608, 681 S.E.2d at 888 ("Once a default judgment has been entered, a party seeking to be relieved must do so under Rule 60(b), SCRCP."). After the Damages Order was entered on June 5, 2019, Johnson filed his motion to set aside the default pursuant to Rule 60(b), on June 17, 2019. *See* Rule 60(b), SCRCP (stating a motion pursuant to this rule "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken."). We find Johnson's motion to set aside the default was not a motion to reconsider because it relied on Rule 60(b) rather than Rule 59(e), and argued that the master should set aside default judgment. Johnson's Rule 59(e) motion requested that the master alter or amend the order denying his motion to set aside the default judgment. Johnson filed his Rule 59(e) motion within ten days after the master denied his motion to set aside the default on November 4, 2019. *See Arnold v. State*, 309 S.C. 157, 172, 420 S.E.2d 834, 842 (1992) ("The purpose of [a] Rule 59(e), SCRCP, [motion] to

alter or amend the judgment is to request the trial judge to 'reconsider matters properly encompassed in a decision on the merits.'" (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200, (1988))); Rule 59(e) ("A motion to alter or amend the judgment shall be served not later than [ten] days after receipt of written notice of the entry of the order."). Therefore, we hold the master did not err in considering Johnson's Rule 59(e) motion.

The Greens next argue the master's conclusion that Johnson possessed a meritorious defense as to damages improperly relied on evidence submitted for the first time at the Rule 59(e) hearing. They maintain the evidence did not constitute "newly discovered evidence" because it was available to Johnson when he filed his motion to set aside the default and at the hearing on that motion. We agree.

Initially, we hold the Greens preserved this argument because they presented it to the master in their proposed order denying Johnson's Rule 59(e) motion, which they submitted in lieu of a brief opposing the motion. The master rejected their argument in the Amended Damages Order by considering the evidence Johnson presented with his Rule 59(e) motion and holding that the evidence supported granting relief from default judgment. *See Eades v. Palmetto Cardiovascular & Thoracic, PA*, 422 S.C. 196, 201 n.3, 810 S.E.2d 848, 850 n.3 (2018) ("In order for an issue to be preserved for appellate review, the issue must have been timely raised by the appellant with sufficient specificity and ruled upon by the [circuit] court.").

We hold the master erred in considering evidence that Johnson presented for the first time during the hearing on his Rule 59(e) motion. *See Spreeuw v. Barker*, 385 S.C. 45, 68-69, 682 S.E.2d 843, 855 (Ct. App. 2009) (finding this court could not consider a document that was submitted to the family court "only as an attachment to [the father's] Rule 59(e) motion"). All of the evidence Johnson presented at the Rule 59(e) motion hearing was available and could have been presented when he filed his motion to set aside the default and default judgment, but Johnson failed to present any evidence at that time other than the affidavits of Breeann Richardson and Nikole Shields. Therefore, we hold the master erred in considering the evidence presented for the first time at the Rule 59(e) hearing when deciding to grant the motion in part and reduce the damages awarded the Greens in the default judgment. *See also Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not.").

The Greens next argue the master misapplied *McClurg* when it set aside the default judgment based on mistake, inadvertence, surprise, or excusable neglect pursuant

to Rule 60(b)(1), SCRCP. They contend the only evidence this court should consider are the affidavits submitted with his motion to set aside the default. The Greens contend such affidavits show this case is distinguishable from *McClurg* because Johnson's insurers were notified of the claim, the Greens' counsel did not promise to forward the insurers a copy of the pleadings, and there was no evidence Johnson attempted to elude the insurers. We agree.

Under Rule 60(b), SCRCP, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." "The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle him to relief." *Bowers v. Bowers*, 304 S.C. 65, 67, 403 S.E.2d 127, 129 (Ct. App. 1991). In determining a motion to set aside a default judgment under Rule 60(b), the circuit court should consider "(1) the promptness with which relief is sought, (2) the reasons for the failure to act promptly, (3) the existence of a meritorious defense, and (4) the prejudice to the other parties." *McClurg*, 380 S.C. at 573, 671 S.E.2d at 93.

> In particular, our courts have held that in order to obtain relief from a default judgment under Rule 60(b)(1) . . . , not only must the movant make a proper showing he is entitled to relief based upon one of the specified grounds, he must also make a prima facie showing of a meritorious defense.

*Id.* at 574, 671 S.E.2d at 93.

In *McClurg*, the plaintiffs in a motor vehicle accident case entered into settlement negotiations with the insurer of the at-fault driver and his employer, sent the insurer a draft complaint naming only the employer as a defendant, and offered to send the insurer a copy of the pleadings if they filed suit. 380 S.C. at 567, 671 S.E.2d at 89. Instead, the plaintiffs brought suit against only the driver, who no longer worked for the employer, and the insurer was not aware the action was filed until a default judgment was entered against the driver. *Id.* at 568-69, 671 S.E.2d at 90. This court found, "[A]t a minimum, the facts show[ed] the employer] was taken by surprise when counsel filed the action solely against [the driver] and failed to inform [the insurer] or [the employer] of this action, thereby meeting the surprise or excusable neglect requirement under Rule 60(b)(1)." *Id.* at 573, 671 S.E.2d at 92. The court found the insurer could receive Rule 60(b) relief under these circumstances, but it ultimately held the insurer was not entitled to relief because it failed preserve its argument that a defense to damages satisfied the

meritorious defense requirement.  *Id.* at 576, 671 S.E.2d at 94.  Thus, the *McClurg* court did not consider the question of whether a defense to damages was sufficient to satisfy the meritorious defense requirement of Rule 60(b).  *See* 395 S.C. at 86-87, 716 S.E.2d at 888 (declining to determine whether a meritorious offense to damages alone was an adequate basis for the grant of relief under rule 60(b)).

We vacate the master's Amended Damages Order because we hold the master erred in partially granting Johnson's Rule 59(e) motion.  As we stated, we hold the master erred in considering evidence presented for the first time at the hearing on Johnson's Rule 59(e) motion in deciding to issue the Amended Damages Order.  *See Spreeuw*, 385 S.C. at 68-69, 682 S.E.2d at 855 (finding this court could not consider a document that was submitted to the family court "only as an attachment to [the father's] Rule 59(e) motion").  We hold the affidavits Johnson presented with his motion to set aside the default and default judgment did not show the insurer reasonably believed any suit filed would include the employer as a defendant or that the Greens' counsel would provide it with a copy of any pleading filed.  The affidavits stated the Greens' counsel spoke with CDA, provided CDA a video of the accident, and engaged in some settlement negotiations, including making a settlement demand.   Simply put, the evidence that Johnson properly presented did not show that the insurer was taken by surprise when the Greens' filed the action solely against Johnson without informing the insurer.  *Cf. McClurg*, 380 S.C. at 573, 671 S.E.2d at 92 (finding the plaintiffs had a responsibility to inform the insurer of the filing of an action against the at-fault driver when the plaintiffs entered into settlement negotiations with the insurer, sent the insurer a draft complaint naming only the employer as a defendant, and offered to send the insurer a copy of the pleadings if they filed suit).

Further, we hold the explanations Johnson supplied for his failure to answer the original complaint did not constitute mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1).  *See* Rule 60(b), SCRCP ("[T[he court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect.").  The affidavits stated Johnson had undergone open heart surgery in November 2018 that prevented him from working, and that he was diagnosed with diabetes in June 2019.  These explanations do not justify setting aside the default judgment because he was served with the complaint at his mother's home where he lived, not at his place of

work, and his diabetes diagnosis occurred *after* the May 2019 damages hearing.[4] Accordingly, we hold Johnson failed to meet the surprise or excusable neglect requirement under Rule 60(b)(1).

Because Johnson failed to prove he was entitled to relief from default judgment based upon excusable neglect under Rule 60(b)(1), we need not reach the issue of a meritorious defense. *See ITC Com. Funding, LLC v. Crerar*, 393 S.C. 487, 496, 713 S.E.2d 335, 339-40 (Ct. App. 2011) (stating once this court "concluded the trial court did not abuse its discretion in finding the Appellant was not entitled to relief on any of the grounds specified in Rule 60(b), SCRCP, we need not address whether the Appellant has a meritorious defense"); *see also Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

For the forgoing reasons, we hold Johnson failed to present evidence showing he was entitled to relief under Rule 60(b), SCRCP. Accordingly, we affirm the Master's denial of Johnson's motion to set aside the default and vacate the Amended Damages Order.

**JOHNSON'S APPEAL**

Johnson argues the master erred in failing to grant him relief from default judgment under Rule 60(b)(3), SCRCP, based on the Greens' counsel's misrepresentations to the insurer. Johnson also argues the master erred in failing to grant relief from default judgment under Rule 60(b)(1), SCRCP when the Greens' counsel's conduct resulted in surprise or excusable neglect. Finally, Johnson contends the master erred in failing to set aside default judgment after he provided evidence that the property damages awarded to the Greens in the Damages Order had previously been released by the Greens through their insurer in a property subrogation agreement.

We hold the master could not consider the evidence presented for the first time at the hearing on Johnson's Rule 59(e) motion when determining whether to grant the59(e) motion, and the affidavits Johnson submitted to support his motion to set aside the default did not support setting aside default judgment under Rule 60(b). *See Spreeuw*, 385 S.C. at 68-69, 682 S.E.2d at 855 (finding this court could not

---

[4] Moreover, Johnson did not file his own affidavit supporting the motion to set aside the entry of default or explaining how his health issues affected his ability to file an answer to the complaint.

consider a document that was submitted to the family court "only as an attachment to [the father's] Rule 59(e) motion").  Therefore, we hold the master did not err in denying Johnson relief under Rule 60(b)(1), 60(b)(3), 60(b)(5), or based upon his argument that the property claim had been settled by the subrogation claim because he did not present evidence supporting these arguments when he initially challenged the entry of default and default judgment.

Johnson next argues the master erred in failing to grant relief from default judgment when he established a meritorious defense to the damages awarded. Because Johnson failed to prove he was entitled to relief under Rule 60(b), this court need not reach the issue of whether Johnson presented a meritorious defense to the damages.  *See Crerar*, 393 S.C. at 496, 713 S.E.2d at 339-40 (stating once this court "concluded the trial court did not abuse its discretion in finding the Appellant was not entitled to relief on any of the grounds specified in Rule 60(b), SCRCP, we need not address whether the Appellant has a meritorious defense"); *see also Futch*, 335 S.C. at 613, 518 S.E.2d at 598 (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**CONCLUSION**

Based on the foregoing, we affirm the master's denial of Johnson's motion to set aside the default and default judgment and vacate the Amended Damages Order.

**AFFIRMED IN PART AND VACATED IN PART.**

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**